240 So.2d 556 (1970)
PELICAN CONSTRUCTION COMPANY
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS et al.
No. 4119.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1970.
*557 Cox, Bagot & Huppenbauer, Michael H. Bagot & Henry L. Klein, New Orleans, for plaintiff-appellant.
Adams & Reese, Robert L. Lobrano, New Orleans, for defendants-appellees.
Before CHASEZ, REDMANN and SWIFT, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal, on exception of no right and no cause of action, of its suit for payments claimed due under a subcontract with defendants Anthony C. Vullo (d/b/a Anthony Vullo Construction Company) and Coastline, Inc. Also a defendant is State Automobile and Casualty Underwriters, the surety on Vullo-Coastline's subcontract with the prime contractor, Jack Sanders, d/b/a Laguna Construction Company, who had undertaken the project for the Sewerage and Water Board of New Orleans.
Plaintiff's contract required Vullo-Coastline to pay plaintiff "within five days after receipt of payment from owner" (defined as Laguna). The contract also provided plaintiff "agrees to receive payments earned and due him at such time payments are received from Sewerage and Water Board of New Orleans * * *."
Plaintiff did not allege any payment by Laguna or by the Board.
The trial court reasoned that the first clause, "within five days after receipt of payment from" Laguna, made Vullo-Coastline's obligation "dependent upon a suspensive condition and the right to enforce it does not come into existence until the occurrence of the condition, which may never happen. * * *" The court's attention was not directed to the second clause, which describes "payments earned and due" plaintiff, which plaintiff "agrees to receive * * at such time payments are received from" the Board.

Assuming "Condition"
Although we have considerable doubt about the matter, let us assume the quoted clauses constitute a suspensive condition.
Nevertheless "Every condition must be performed [1825 Code French text `accomplie'] in the manner that it is probable that the parties wished and intended that it should be", C.C. art. 2037. And "The condition is considered as fulfilled [`accomplie'], when the fulfillment of it has been prevented by the party bound to perform it [`le debiteur oblige sous cette condition']", art. 2040.
It appears to us entirely probable that the manner the parties intended for fulfillment of the "condition" was that the work under plaintiff's sub-subcontract, Vullo-Coastline's subcontract, and Laguna's prime contract would all be carried out within the time set in the prime contract (which is not in the record) or, if the prime contract fixed no time, the implied reasonable time, C.C. art. 2050. Consequently payment by the Board and by Laguna was "intended" to occur shortly after such time, and thus the "condition" was intended to be fulfilled.
*558 From this point of view, the "condition" would certainly be fulfilled unless some party to the overall contract scheme prevented its fulfillment by nonperformance of some contractual obligation (or unless some fortuitous event supervened). And if the prevention was by Vullo-Coastline, C.C. art. 2040 holds the condition fulfilled.
Accordingly, even if we accept the prior-payment clauses as a suspensive condition, it appears to us that plaintiff should have been allowed to amend its petition, C.C.P. art. 934, so as to allege any circumstances which would show that Vullo-Coastline prevented the condition's fulfillment, or would otherwise entitle plaintiff to recover notwithstanding the absence of literal fulfillment. Perhaps we should point out that nonperformance by Laguna would equally be a prevention of fulfillment of any similar provision in its contract with Vullo-Coastline (although there would remain the question whether Vullo-Coastline's consequent entitlement to immediate payment is the equivalent of receipt of payment, or may be if Vullo-Coastline "prevents" receipt by not actively demanding it, perhaps even through litigation).

Condition, Term, or Neither?
We have assumed the clauses in question constitute a condition. It is easy to support the view that, at least as written, they do not constitute a "term" because the event of payment by Laguna or the Board (to Vullo-Coastline) is not, "in the course of nature, certain", C.C. art. 2049. The same article continues: "if it be uncertain, it forms a condition."
Yet, because the contract describes plaintiff's payments as "earned and due him", it seems at the least doubtful that plaintiff's agreement to "receive" them "at such time payments are received from" the Board expresses an intention that they are not due except on a suspensive condition (of payment by the Board).
Pertinent is C.C. art. 2027:
"Whether the parties intended to create a condition or only to modify the obligation without making its existence depend on the event, must be determined, in doubtful cases, by applying the rules hereinbefore established for the interpretation of obligations." (Emphasis added.)
Remembering that art. 2021 defines conditional obligations as those "made to depend on an uncertain event" (either suspensively or resolutorily), it must be observed that "the event" in art. 2027 is exclusively an uncertain event: if it were a certain event, it could never form a condition. Thus art. 2027 envisions the possibility of an obligation being modified by an uncertain event which nevertheless does not affect, neither suspensively nor resolutorily, the existence of the obligation.
Suppose, for example, plaintiff had loaned money to defendant, to be repaid "within five days after" defendant was paid for a construction job. Because not "in the course of nature, certain", C.C. art. 2049, the clause as written would not be a term; yet it would seem a complete distortion of the parties' intention (in the absence of other circumstances) to say defendant was only obliged to repay if he were paid. This would turn the contract of loan into an aleatory contract of wager. In such a case, since the contract provides no term, we might use C.C. art. 2050 to imply a reasonable time determined by the circumstances. See Guzzo v. Liggio, 224 La. 313, 69 So.2d 357 (1953). Perhaps we might use "within five days after receipt" as a modification of the existent obligation to repay, making it exigible five days after a reasonable time for defendant to complete the job and be paid. In determining what is a reasonable time, perhaps the fortuitous event provisions of C.C. art. 1933, subds. 2 and 3 ought to be considered, at least by way of analogy.

Conclusion
In the case before us, defendant's obligation must be interpreted against defendant *559 as the obligor, C.C. art. 1957, or against the party who prepared the contract, C.C. art. 1958. Applying these articles, as required by art. 2027, we consider it unlikely that the parties intended to make Vullo-Coastline's obligation to pay plaintiff depend on a suspensive condition; we think it more likely that the obligation was merely intended to be modified so as to make the implied reasonable-time term, C.C. art. 2050, relate to the time when "in the usual course of events" (compare C.C. art. 1776) payment by Laguna or the Board would ordinarily occur or at least be exigible.
However, because other evidence, not yet in the record in its present state on exceptions, may suggest a contrary conclusion, we have expressed the view that even as a suspensive condition the contract clauses may not prevent payment from Vullo-Coastline (and therefore its surety) being now exigible by plaintiff.
We may here observe that, if it be ultimately concluded that the clauses only modify the implied reasonable-time term, and that the term thus understood has not yet accrued, C.C. art. 2052 prevents the demanding of performance before the term has passed. We feel justified in ignoring the obiter dictum to the contrary in Pringle Assoc. Mtge. Corp. v. Eanes, 211 So.2d 399, 406 (La.App. 1 Cir. 1968), because the Supreme Court in refusing writs, 252 La. 887, 214 So.2d 715, declared the result correct on the facts as found (interest not paid when due; acceleration of maturity).
In any case, plaintiff's petition, with its simple allegation that the Board recorded a notice of default against Laguna, does not state a cause of action in its present form. It alleges neither payment by Laguna or the Board nor circumstances which entitle plaintiff to payment notwithstanding that neither Laguna nor the Board has paid. But the judgment maintaining the peremptory exception must be and is amended to allow plaintiff sufficient time to amend to make the appropriate allegations, C.C.P. art. 934. The delay for such amendment will be left to the trial court, since more time than the customary ten days may be required.
Accordingly the judgment appealed from is amended and affirmed as amended, and this matter is remanded for further proceedings.
Affirmed as amended; remanded.
SWIFT, J., concurs in result.