346 So.2d 796 (1977)
CHARTRES CORPORATION, Plaintiff-Appellant,
v.
CHARLES CARTER & COMPANY, INC., Defendant-Appellee.
No. 11266.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
James G. Derbes, New Orleans, for plaintiff Chartres Corp., appellant.
George L. Clauer, III, Baton Rouge, for defendant Charles Carter & Co., Inc., appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
*797 SARTAIN, Judge.
This is a suit by a subcontractor for the payment of money allegedly owed it by a general contractor for work done on a construction project.
In July, 1972, Chartres Corporation entered into a subcontract with Charles Carter & Company, Inc. in which the former was to do certain flooring work for the sum of $289,000.00 in the field house facility being constructed by Carter on the campus of Louisiana State University at Baton Rouge.
On November 6, 1974, the university filed a certificate of substantial completion in the official records of the Parish of East Baton Rouge. Thereafter, on August 29, 1975, the plaintiff filed this suit for the payment of $5600.00 which it claims is the balance due on the agreement indicated above.
The defendant responded to that suit with an exception of prematurity which was sustained by the trial court. That exception was based upon Article 15 of the subcontract which provides:
"15. Contractor agrees to pay Subcontractor for said work the sum of TWO HUNDRED EIGHTY NINE THOUSAND AND NO/100 ______ Dollars ($289,000.00) subject to additions and deductions as herein provided, and such sum shall be paid by Contractor to Subcontractor as the work progresses in monthly installments as follows:
On the 25th day of each month Subcontractor shall present to Contractor a statement of the work done during the preceding month, which statement, when checked and approved by Contractor, will be paid within five (5) days after receipt of payment from Owner, providing progress of the work and payments for labor used and material purchased by Subcontractor have been satisfactory, provided that Contractor may, at its option, retain 10%, or the percentage specified in the Contract Documents, of each estimate until final payment, which shall be made after completion of the work covered by this contract and written acceptance thereof by the Architect, and full payment therefor by Owner, provided Subcontractor has furnished evidence, if requested, that all claims for labor and materials have been paid, and provided further that Subcontractor has complied with all the provisions of this contract." (Emphasis added)
Relying particularly upon the section emphasized above, the defendant maintains that final payment is not owed the plaintiff until it has received full payment from the owner. In support of that contention, at the trial of the exception on October 1, 1976, the defendant introduced testimony that it still had not been paid $52,400.00 by the owner. We conclude, however, that the matter is not now premature.
Payment to the plaintiff is conditioned on three factors, the first two of which are not at issue here: First, the completion of the work covered by the contract; second, written acceptance thereof by the architect (which appears to have been fulfilled by the University's recorded acceptance); and third, full payment by the owner to the general contractor.
At the hearing, some twenty-three months after the owner's acceptance of the project, the defendant gave no reason as to why it had not yet been paid in full, nor did it indicate that any efforts were being made to obtain payment. In Pelican Construction Co. v. Sewerage & Water Bd., 240 So.2d 556 (La.App. 4th Cir. 1970), the court had before it a similar clause which provided that the plaintiff was to be paid "within five days after receipt of payment from owner". There, the court concluded that such an insertion in a contract should not be construed to mean that payment would be subject to a suspensive condition but was more probably intended by the parties to require payment within a reasonable period of time and "in the usual course of events".
That ruling is directly applicable here. We are unable to conclude that the parties intended that the defendant could always refuse to pay the plaintiff as long as any money was supposedly outstanding *798 from the owner. In Perrin v. Hellback, 296 So.2d 342 (La.App. 4th Cir. 1974), writs refused 300 So.2d 184 (La.1974), the court observed:
"LSA-C.C. art. 2050 and the jurisprudence interpretative thereof (Guzzo v. Liggio, 224 La. 313, 69 So.2d 357 (1953); Richard v. Foods and Services, Inc., 162 So.2d 213 (La.App. 1st Cir. 1964); Holmes Brick & Salvage Co. v. Reo Construction, Inc., 253 So.2d 562 (La.App. 1st Cir. [1971]), state that where no time for performance is specified, the inference will be supplied that the parties intended the obligation to be undertaken within a reasonable time. What constitutes a reasonable time must be determined by the circumstances of each case." (footnote omitted)
Some explanation should have been offered by the defendant as to why the inordinate time period of twenty-three months had elapsed without payment by the owner and what efforts were being made on its part to secure payment. Absent such an explanation, we find that a reasonable period of time for the satisfaction of the clause at issue has passed and the plaintiff's action is not premature. If such payment has not been made because of some action on the part of Carter, C.C. Art. 2040 disposes of the condition at issue as fulfilled.
For the above and foregoing reasons, the judgment of the district court sustaining defendant's plea of prematurity is reversed and set aside and this matter is remanded for trial on the merits. All such costs as are related to this appeal are to be borne by appellee, all other costs are to await a final determination on the merits.
REVERSED AND REMANDED.