399 So.2d 1245 (1981)
CALCASIEU-MARINE NATIONAL BANK OF LAKE CHARLES, Plaintiff-Appellee,
v.
William A. DARLING, Russell Mayne, Clifford V. Ryder, Defendants-Appellants.
No. 8227.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., and Leslie J. Schiff, Opelousas, for defendants-appellants.
*1246 Camp, Carmouche, Palmer, Barsh & Hunter, J. A. Delafield, Lake Charles, for plaintiff-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
STOKER, Judge.
The defendants and appellants in this case are William A. Darling, Russell Mayne, and Clifford V. Ryder. The issues on appeal are:
(1) Whether defendants personally and individually guaranteed the payment of $35,000 by a corporation, Darling & Ryder, Inc., to plaintiff bank, the Calcasieu-Marine National Bank of Lake Charles, and
(2) If it is found that defendants did give the guarantee, is the guarantee subject to a suspensive condition which was never met.
Resolution of these two issues requires construction or interpretation of a written contract purporting to represent a compromise settlement agreement. Judgment in the trial court was in favor of plaintiff. We affirm.

FACTS
Under a contract of joint venture, Goss Construction Company, Inc., and Darling & Ryder, Inc., entered into a contract with the State of Louisiana to perform work on the Sabine River Diversion System, Divisions C, D, and E. Under the joint venture contract, Goss Construction Company, Inc., (Goss) was apparently obligated to do the work and Darling & Ryder, Inc., (Darling) contributed otherwise. Goss was unable to complete the project. Darling, also being bound in the contract with the State, undertook to complete the contract. Calcasieu-Marine National Bank of Lake Charles (Calcasieu-Marine) made construction loans to Goss Construction Company, Inc., in order to finance the project.
With matters in this state, a three-way contract of settlement was devised to accomplish the following:
(1) Termination of the joint venture between Darling & Ryder, Inc., and Goss Construction Company, Inc.
(2) Assumption by Darling & Ryder, Inc., of all responsibility for the construction contract with the State.
(3) Settlement and agreement as to the amount owing by Goss to Calcasieu-Marine and the provision of some assurance to the bank that it would be paid.
It appears that there was a question of some retainage which would ultimately be due and owing by the State on the original contract with the two joint venturers. It was first contemplated that the three-way contract would merely provide that the State be directed to pay the bank out of this retainage. The parties apparently decided that this was impracticable and that the State could not be bound by their contract. As a result, a contract was entered into by Goss, Darling, and Calcasieu-Marine which was based on the following agreements:
(1) That the joint venture agreement between Goss and Darling be terminated.
(2) The amount due and owing by Goss to Calcasieu-Marine be fixed at $35,000.
(3) That Goss and Darling be released from any liability to Calcasieu-Marine other than the $35,000.
(4) That Darling release Goss from any further liability under the joint venture contract.
The dispute in this case concerns whether or not William A. Darling, Russell Mayne, and Clifford V. Ryder personally and individually guaranteed the payment of $35,000 to Calcasieu-Marine. It appears that these three defendants were the owners of the corporation known as Darling & Ryder, Inc. The actual contract which was entered into reads as follows:
"STATE OF LOUISIANA
"PARISH OF CALCASIEU
"BE IT KNOWN that on the date set forth below, before me, Charles W. Carwile, Notary Public, came and appeared Goss Construction Company, Inc., apprearing [sic] through Orville Goss, President; Darling & Ryder, Inc., appearing through Russell Mayne, President; Calcasieu *1247 Marine National Bank of Lake Charles, appearing through Frank Fields, Executive Vice-President; William A. Darling, Russell Mayne, and Clifford J. Ryder, [sic] who being duly sworn declared that:
"WHEREAS DARLING & RYDER, INC., a Louisiana corporation domiciled in Opelousas, St. Landry Parish, Louisiana, and GOSS CONSTRUCTION COMPANY, INC., a Louisiana corporation domiciled in Calcasieu Parish, Louisiana, have entered into a joint venture agreement for the purpose of performing work known as the Sabine River Diversion System, Divisions C, D, and E, with the State of Louisiana, through the Department of Public Works, and
"WHEREAS GOSS CONSTRUCTION COMPANY, INC., is no longer able to perform work assigned to it under the joint venture agreement and contract, and
"WHEREAS GOSS CONSTRUCTION COMPANY, INC., has assigned or pledged its interest in proceeds under the contract to the Calcasieu Marine National Bank of Lake Charles, Calcasieu Parish, Louisiana, and
"WHEREAS the parties hereto have mutually agreed to terminate the joint venture agreement, and
"WHEREAS DARLING & RYDER, INC., has an obligation to the State of Louisiana to complete the work assigned to GOSS CONSTRUCTION COMPANY, INC., under the joint venture agreement and contract, and under the contract with the State of Louisiana, and has expressed the ability to perform the work, and
"WHEREAS GOSS CONSTRUCTION COMPANY, INC., and the Calcasieu Marine National Bank of Lake Charles, Louisiana, have indicated that they claim certain sums of money due under the aforementioned contract as extra work and as retainage, and
"WHEREAS DARLING & RYDER, INC., has and does recognize the validity of the claim of GOSS CONSTRUCTION COMPANY, INC., and Calcasieu Marine National Bank of Lake Charles, Louisiana, to the extent of Thirty-Five Thousand and no/100 ($35,000/00) Dollars, and
"WHEREAS DARLING & RYDER, INC., in consideration of the mutual cancellation of the joint venture agreement and the surrender by GOSS CONSTRUCTION COMPANY, INC., and Calcasieu Marine National Bank of Lake Charles, Louisiana, of any further claims in and to the contract previously referred to or the retainage have agreed to release Mr. Orville Goss and the former Mrs. Orville Goss (born Trevelyn Abshire), from their obligation on the bond of said contract or to hold such individuals harmless from any obligation on said bond;
"Now therefore it is agreed by and between the parties as follows:
(1) The joint venture agreement dated June 17, 1974, and amended August 14, 1975, is hereby terminated.
(2) The State of Louisiana, Department of Public Works, is directed, at the end of the contract to pay out of the retainage directly to Calcasieu Marine National Bank of Lake Charles, Louisiana, the sum and amount of Thirty-Five Thousand and no/100 ($35,000.00) Dollars, and no more from the first retainage disbursed.
(3) DARLING & RYDER, INC., agrees to hold Orville Goss and the former Mrs. Orville Goss (born Trevelyn Abshire) harmless in connection with any obligation which they may have on the bond which was posted in connection with this contract.
(4) GOSS CONSTRUCTION COMPANY, INC., and the Calcasieu Marine National Bank of Lake Charles, Louisiana, authorize and instruct the Department of Public Works of the State of Louisiana to make all further payments due on this contract or on the retainage (with the exception of the $35,000.00 payment previously mentioned) directly to Darling & Ryder, Inc., or to anyone nominated by Darling & Ryder, Inc., to receive payment.

*1248 (5) GOSS CONSTRUCTION COMPANY, INC., agrees to make available to Darling & Ryder, Inc., any records it has relating to the joint venture project.
(6) GOSS CONSTRUCTION COMPANY, INC., and Calcasieu Marine National Bank of Lake Charles, Louisiana, further release DARLING & RYDER, INC., of any and all liability herein arising out of the joint agreement save and except for the $35,000.00 previously mentioned.
(7) DARLING & RYDER, INC., further releases GOSS CONSTRUCTION COMPANY, INC., and Calcasieu Marine National Bank of Lake Charles, Louisiana, of any further liability herein or related to and/or arising out of the joint venture contract and the failure of GOSS CONSTRUCTION COMPANY, INC., to perform thereunder as contemplated and any delays in the project and/or payment of progress payments to Darling & Ryder, Inc.
"IT IS AGREED AND UNDERSTOOD THAT THIS SETTLEMENT AGREEMENT REPRESENTS THE SETTLEMENT ENTERED INTO BY THE PARTIES HERETO OF CONTESTED AND DISPUTED MATTERS. EACH PARTY DECLARES ITSELF SATISFIED WITH THE CONTENTS HEREOF HAVING ENTERED INTO THIS AGREEMENT IN ORDER TO RESOLVE ALL DISPUTES EXISTING BETWEEN THE PARTIES AND TO PUT AT REST, ONCE AND FOR ALL, WITHOUT THE NECESSITY OF RESORTING TO LITIGATION, ALL DISPUTES EXISTING BETWEEN THE PARTIES.
"William A. Darling, Russell Mayne, and Clifford V. Ryder join herein individually to guarantee the payment of $35,000.00 to the Calcasieu Marine National Bank of Lake Charles not later than 45 days after payment of retainage is required of the State of Louisiana under the terms of the contract undertaken by the joint venture for the Sabine River Diversion System, Divisions, C, D, & E.
"THUS DONE AND SIGNED in multiple originals in Lake Charles, Calcasieu Parish, Louisiana, this 5th day of October 1977, in the presence of the undersigned competent witnesses after reading of the whole.
WITNESSES: GOSS CONSTRUCTION COMPANY, INC.
 s/ Lloyd J. Gasquet BY: s/ Orville Goss 
 Lloyd J. Gasquet Orville Goss
 s/ Julie A. Trahan CALCASIEU MARINE NATIONAL BANK
 Julie A. Trahan OF LAKE CHARLES, LOUISIANA
 BY: s/ Frank Fields 
 Frank Fields
 DARLING & RYDER, INC.
 BY: s/ Russell Mayne 
 Russell Mayne
 s/ William A. Darling 
 William A. Darling
 s/ Russell Mayne 
 Russell Mayne
 s/ Clifford V. Ryder 
 Clifford V. Ryder
 s/ Charles W. Carwile 
NOTARY PUBLIC"
*1249 It appears from the transcript of the testimony and the argument of parties that preliminary drafts of an agreement were considered. As noted above, the question arose as to whether or not the State of Louisiana could be bound by the provision contained in the contract directing the State through the Department of Public Works to pay $35,000 from retainage to Calcasieu-Marine. The attorney representing the defendants and Goss resided in Opelousas. On the day fixed for entering into the contract, the parties went to the office of the attorneys for Calcasieu-Marine in Lake Charles, Louisiana. The attorney for Calcasieu-Marine and the attorney for the other parties conferred by telephone, the attorney for the latter being in Opelousas rather than at the meeting where the contract was to be signed. After some discussion the attorney for the bank read to the attorney for the defendants and Goss the final paragraph in the above quoted contract which he proposed to add to the contract to protect Calcasieu-Marine. The paragraph in question reads as follows:
"William A. Darling, Russell Mayne, and Clifford V. Ryder join herein individually to guarantee the payment of $35,000.00 to the Calcasieu Marine National Bank of Lake Charles not later than 45 days after payment of retainage is required of the State of Louisiana under the terms of the contract undertaken by the joint venture for the Sabine River Diversion System, Divisions, C, D, & E."
The attorney for the defendants and Goss indicated that this would be satisfactory and instructed his clients to sign the agreement with this paragraph in the agreement.

INTERPRETATION OF THE CONTRACT
It is the position of defendants that it was the sole intention of all parties that when William A. Darling, Russell Mayne, and Clifford V. Ryder affixed their individual signatures they acted solely to assure Calcasieu-Marine that its money would be paid by their corporation. They deny that they acted in any way to give a personal and individual guarantee.
Alternatively, they contend that if it is held they did give a personal guarantee, the provision contained a suspensive condition under which they did not owe Calcasieu-Marine anything unless and until a retainage was actually required to be paid by the State. Inasmuch as Darling & Ryder, Inc., also defaulted on the contract and no retainage was ever due, defendants contend that the suspensive condition upon which their obligation would have rested never took place.
We cannot accept this interpretation. It is clear from the opening paragraph that the parties to the agreement were Goss Construction Company, Inc., Darling & Ryder, Inc., and Calcasieu-Marine National Bank of Lake Charles. The instrument is signed on behalf of Goss by its president, Orville Goss; on behalf of Calcasieu-Marine by its executive vice-president Frank Fields; and on behalf of Darling & Ryder, Inc., by its president Russell Mayne. Following these signatures by the representatives of the corporations are the three individual signatures of William A. Darling, Russell Mayne, and Clifford V. Ryder.
Defendants contend that the contract is unenforceable because there was no meeting of minds on a major aspect of the contract, namely, the language and intent of the guarantee. They refer us to certain articles of the Louisiana Civil Code and various cases in the jurisprudence. The contract as written is clear and unambiguous. The testimony and evidence do not justify our giving any interpretation to the language of the guarantee other than its plain intent as expressed. LSA-C.C. arts. 13 and 1945 and Roos v. Way, 234 So.2d 489 *1250 (La.App. 3rd Cir. 1970), writ denied, 256 La. 617, 237 So.2d 398 (1970).[1]
In our opinion the critical language of the contract in question was added at the insistence of Calcasieu-Marine, and in plain language the three individual defendants appeared not on behalf of their corporation, but individually to guarantee the payment of $35,000 to Calcasieu-Marine. It is our further opinion that the words "not later than 45 days after payment of retainage is required of the State of Louisiana," is not a suspensive condition. This is merely a time limitation which would put an end to the period within which the $35,000 should have been paid to Calcasieu-Marine. If this sum did not come from retainage paid by the State, then by the end of the forty-five days it was the obligation of Darling & Ryder, Inc., to pay the $35,000, and if that corporation did not pay, the individual defendants were required to pay under the guarantee.

ACTION OF THE TRIAL COURT
On trial of the case the trial court granted judgment in favor of the plaintiff, Calcasieu-Marine, against the three individual defendants in the amount of $35,000 with judicial interest and costs. In our opinion the trial judge was correct and we affirm his judgment.
The costs of this appeal will be assessed to the defendants-appellants.
AFFIRMED.
NOTES
[1] In Roos v. Way, supra, this Court of Appeal stated:

"... Where the terms of the contract are so clear, the courts will not modify the contract unless it is contrary to good morals or public policy, which it manifestly is not." [Citations omitted.]
"The terms of the contract are clear and unambiguous and must be enforced as they are written, since a contract is considered as the law between the parties." [Citations omitted.]