498 So.2d 151 (1986)
SOUTHERN STATES MASONRY, INC.
v.
J.A. JONES CONSTRUCTION COMPANY, INC. and Fidelity and Deposit Company of Maryland.
No. 86-CA-296.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
Writ Granted January 23, 1987.
Gerald L. Walter, Jr. Anne L. Jordan, Schwab & Walter, Baton Rouge, for plaintiff-appellant.
William M. Messersmith, III, Terrence L. Brennan, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
*152 Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal relates to a contract dispute between a subcontractor and a general contractor. From the trial court's judgment sustaining the exception of prematurity, the plaintiff appeals. We affirm.
The single issue presented is whether the subcontractual language providing for final payment upon "Final payment by Owner to Contractor under the Contract" is to be considered a "suspensive condition" or a "method of payment."
FACTS
The facts are undisputed. On October 1, 1982, J.A. Jones Construction Company (Jones) entered into a construction contract with Louisiana World Exposition, Inc. (LWE), the owner of the 1984 World's Fair. Southern States Masonry, Inc. (Southern) and Jones entered into a subcontract dated October 6, 1983, wherein Southern agreed to furnish concrete masonry work on the International Pavilion, the U.S. Pavilion, and the Amphitheatre.
Jones and Southern performed the work, which was certified as substantially complete on May 1, 1984. Jones was paid by LWE for all work billed and completed through March 1984. Jones further made applications for payment for April and May 1984 and retainage was withheld on previous applications and was not paid timely by LWE. These bills remain partially unpaid. As a result, Jones has not paid Southern for work for which Jones has not been paid.
On November 6, 1984, LWE filed for a Chapter 11 reorganization (Bankruptcy Case No. 84-02314K).[1] In an effort to recover the unpaid balances owed Jones by LWE, Jones filed a "Proof of Claim" in the bankruptcy proceedings.[2] Jones also filed a lien including any amounts yet to be paid to the plaintiff.
Southern filed suit on October 1, 1985, seeking recovery of the subcontract balance. The defendants filed exceptions of prematurity and no cause of action and a motion for summary judgment, all based on provisions of the subcontract agreement. On February 3, 1986, the trial court heard oral arguments and granted the exception of prematurity, denied the motion for summary judgment[3], and took no action on the exception of no cause of action. The suit was dismissed without prejudice.
ANALYSIS
This dispute arises out of articles 3 and 4 of the subcontract, which, in part, state:
3. Contractor shall pay to Subcontractor, upon receipt of payment from the Owner, an amount equal to the value of Subcontractor's completed work, to the extent allowed and paid by Owner on account of Subcontractor's work.
4. Final payment. A final payment, consisting of the unpaid balance of the Price, shall be made within forty-five (45) days after the last of the following to occur: (a) full completion of the Work by Subcontractor, (b) final acceptance of the work by the Architect and Owner[,] (c) final payment by Owner to Contractor under the Contract. (Emphasis added)
Our statutory law in La.C.C. art. 1983 states that contracts have the effect of law for the parties and that contracts must be performed in good faith. Our jurisprudence gives us general contract principles by stating that courts of this state are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit, and lead to no absurd conclusions or consequences. Meaux v. Adams, 456 So.2d 670 (La.App. *153 5th Cir.1984). Additionally, our courts have held that contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. They must be interpreted in a common sense fashion, according to the words of the contract in their common and usual significance. The agreement at issue must be viewed as a whole and practical effect given to all parts, according to the sense that results from the entire agreement so as to avoid neutralizing or ignoring any of them or treating them as surplusage. La.C.C. arts. 2046-2052; Magri v. Lee, 470 So.2d 910 (La.App. 5th Cir.1985); West Side Funeral Home, Inc. v. Nicholas, 425 So.2d 837 (La. App. 5th Cir.1982).
The trial court, in its reasons for judgment, cited Miller v. Hous. Auth. of New Orleans, 175 So.2d 326 (La.App. 4th Cir. 1965), rev'd in part on other grounds, 249 La. 623, 190 So.2d 75 (La.1966) and stated "the [Miller] court held that since the owner had not paid the contractor the balance due under the prime contract, then, under the terms of the subcontract, the contractor did not have to pay the subcontractor." Miller concludes:
This provision was obviously intended to prevent the prime contractor from being compelled to assume the obligation of financing the construction of the Project in the event of default by the owner. Therefore, we must give effect to the clear intention of the parties as agreed to, and we, as usual, refrain from placing the contract upon the judicial anvil and hammering it into an unexpected shape. Consequently, the judgment of the lower court must be amended to make any payment due thereunder by Pittman to Miller conditioned upon receipt by Pittman from the Housing Authority of payment for the work performed by Miller.
Miller v. Hous. Auth. of New Orleans, 175 So.2d 326, 331 (La.App. 4th Cir. 1965). In its reasons for judgment, the trial court concluded:
No sums are now due by Jones to plaintiff because of the clear and unambiguous suspensive condition of the Subcontract that Jones does not have to pay plaintiff until the owner (LWE) pays Jones, and accordingly, plaintiff's suit is premature. Since Jones has no liability to plaintiff, Jones' surety, F & D, has no liability to plaintiff. Accordingly, plaintiff's suit is dismissed (without prejudice) in accordance with Code of Civil Procedure Articles 926 and 933.
We note the holdings of Subdivision Planning Eng'g, Inc. v. Manor Dev. Corp., 290 So.2d 375 (La.App. 4th Cir.1974), procedural history after remand omitted, and Pelican Constr. Co. v. Sewerage and Water Bd. of New Orleans, 240 So.2d 556 (La.App. 4th Cir.1970) wherein a similar clause was held to be a term providing for payment within a reasonable period of time. However, absent bad faith on the part of the prime contractor, we adopt the rationale expressed by our brothers of the Fourth Circuit in Miller. Accordingly, we find the terms of this contract are quite clear and unambiguous, and its simple effect is to make payment by the owner to the contractor a suspensive condition to the contractor's obligation to make payment to its subcontractor.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] At the time of trial, the bankruptcy case was still pending.
[2] Jones is one of the contractors of the "Contractors Creditors Committee," which obtained an order authorizing the bringing of an action in the name of LWE against certain officers and directors of LWE and their insurers.
[3] A minute entry on p. 137 of the record says, "Summary Judgment granted," although this is obviously incorrect.