PACIFIC LINING CO., INC.,
Plaintiff-Appellee,
Cross-Appellant,

v.

ALGERNON–BLAIR   CONSTRUCTION
CO. and United States Fidelity & Guaranty Co., Defendants-Appellants, Cross-Appellees.

AESCO STEEL, INC.,
Plaintiff-Appellee,

v.

J.A. JONES CONSTRUCTION CO. and
Fidelity & Deposit Co. of Maryland,
Defendants-Appellants.

Nos. 85–3740, 86–3025.

United States Court of Appeals,
Fifth Circuit.

March 13, 1987.

Rehearing Denied April 13, 1987
in No. 85–3740.

Donald A. Meyer, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, La., for Algernon-Blair Const. and U.S. Fidelity & Guar.

William S. Marshall, Jr., New Orleans, La., for Pacific Lining.

Terrence L. Brennan, Deutsch, Kerrigan & Stiles, New Orleans, La., for J.A. Jones Const. Co., and Fidelity & Deposit Co. of Md.

H. Bruce Shreves, Simon, Peragine, Smith & Redfearn, New Orleans, La., for Aesco Steel, Inc.

Before THORNBERRY, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

These two diversity cases involve the claims of subcontracting companies against their contractors and their contractors' sureties for payment for work performed in connection with the Louisiana World Exposition. Both cases raise the question of whether or not "pay when paid" clauses constitute suspensive conditions under Louisiana law. A motion to certify this question to the Louisiana Supreme Court has been filed. Because this question merits certification to the Louisiana Supreme Court, we have consolidated our consideration of these appeals.

## I.

On October 1, 1982, appellant Jones Construction Co. (Jones) contracted with Louisiana World Exposition (LWE), the promoter of the 1984 World's Fair in New Orleans, for the performance of various construction projects at the site of the fair. That same day, Jones and appellant Fidelity & Deposit Co. (F & D) agreed that F &

D would guarantee both the performance of the contract and the payment of all subcontractors and suppliers of Jones. On September 28, 1983, Jones and appellee Aesco Steel, Inc. (AESCO), an Alabama subcontractor, entered into a contract whereby Aesco agreed to supply labor and materials for building a floor for the fair's Amphitheatre.

The subcontracting agreement contains two "pay when paid" clauses.[1] Article 3 of the subcontract states that Jones shall pay Aesco periodically

upon receipt of payment from the Owner in an amount equal to the value of Subcontractor's completed work, to the extent allowed and paid by Owner on the account of Subcontractor's work....

Article 4 states that final payment under the subcontract shall be made within 45 days of the date when six conditions are fulfilled. The third of the six conditions listed is "final payment by Owner to Contractor under the Contract."

Aesco satisfactorily completed its work before June 5, 1984. By November of that year, Jones owed Aesco a balance of $81,-093.36 under their contract. On November 6, 1984, LWE filed a petition for relief under Chapter 11 of the Bankruptcy Code. Jones subsequently refused to pay Aesco any further amounts, arguing that the "pay when paid" clauses in the subcontract obligated it to pay Aesco only when Jones was paid by LWE.

Aesco filed suit against both Jones and F & D. Aesco argues that Jones is liable for the full amount owing under the subcontract regardless of the insolvency of LWE, and that F & D is liable as a surety in the event that Jones refuses to pay Aesco under the subcontract. Jones counters with the assertion that the "pay when paid" clause creates a suspensive condition so that Jones is not liable for the balance due under the contract until it is paid by LWE. F & D argues that its obligation to pay the subcontractor is no greater than that of Jones: if the contractor is not liable under

---

1. Generally, "pay when paid" clauses provide that a contractor's obligation to pay a subcontractor does not arise until, *inter alia,* the contractor has received the corresponding funds from the owner.

the "pay when paid" clause, then neither is the surety.

The Federal District Court rejected Jones' interpretation of the "pay when paid" clauses in *Aesco Steel, Inc. v. J.A. Jones Construction Co.,* 621 F.Supp. 1576 (E.D.La.1985). The court ruled that Jones is liable to Aesco without regard to whether Jones is paid by LWE, and that F & D is liable to Aesco if Jones does not pay, regardless of Jones' reason for doing so. Jones and F & D instituted this timely appeal from that holding.

## II.

Appellant Algernon Blair Construction Co. (Blair) also contracted with LWE for the performance of various construction projects at the site of the Louisiana World Fair. Appellant United States Fidelity & Guaranty Co. (F & G) agreed to act as surety for the payment of all of Blair's unpaid subcontractors and suppliers. On November 28, 1983, appellee Pacific Lining Co. (Pacific) contracted with Blair and agreed to construct the "water features" (lagoons, etc.) for the fair. The subcontract agreed to by Pacific and Blair contains "pay when paid" clauses similar to those found in the Aesco/Jones subcontract. Article 12 states that Blair will pay Pacific the sum owing on the subcontract "subject to receipt by contractor of payment from the owner.... Final Payment shall be made within 30 days after ... full payment therefor by the owner ..."

Pacific satisfactorily completed its work [2] and requested full payment from Blair. By November, 1984, when LWE filed its bankruptcy petition, Blair owed Pacific a balance of $157,587.40 under the subcon-

tract. No further payments have been made.

Pacific sued both Blair and F & G for recovery of the remaining amounts due under the subcontract. Pacific asserts that Blair is liable for these amounts regardless of the insolvency of LWE, and that F & G is liable as a surety in the event that Blair refuses to pay Pacific. Blair, as did Jones in the other case, counters by insisting that the "pay when paid" clause created a suspensive condition which results in no liability for the balance since Blair has not been paid by LWE. F & G's arguments parallel those of F & D in *Aesco Steel*: if the contractor is not liable under the "pay when paid" clause, then neither is its surety.

The Federal District Court rejected Blair's interpretation of the "pay when paid" clauses in *Pacific Lining Co. v. Algernon Blair Construction Co.,* No. 85–3740 (E.D.La. Nov. 25, 1985). The court ruled that Blair is liable to Pacific without regard to whether Blair is paid by LWE, and the F & G is liable to Pacific if Blair refuses to pay. Blair and F & G instituted this timely appeal.

## III.

Appellants, in their insistence that the "pay when paid" clauses in the subcontracts constitute suspensive conditions [3] to their obligations to pay the subcontractors, rely on the decision of the Louisiana Supreme Court in *Miller v. Housing Authority of New Orleans,* 249 La. 623, 190 So.2d 75 (1966). In *Miller,* the Louisiana Fourth Circuit had held that substantially similar clauses in a particular contract conditioned a contractor's duty to pay its subcontractors on its receipt of payment from the owner.[4] On appeal,[5] the Louisiana Su-

---

2. The record does not disclose the date upon which Pacific completed its work.

3. A "suspensive condition" is the equivalent of a condition precedent at common law. *City of New Orleans v. Texas & P. Ry. Co.,* 171 U.S. 312, 18 S.Ct. 875, 43 L.Ed. 178 (1898).

4. The Court of Appeals held that "[t]he contract is not ambiguous and its simple effect is to make payment by the owner to the prime contractor a suspensive condition to the prime con-

tractor's obligation to make payment to its subcontractor." *Miller v. Housing Authority of New Orleans,* 175 So.2d 326, 331 (La.App. 4th Cir. 1965).

5. In its first decision in this case, the Louisiana Supreme Court did not address the issue of the meaning of the "pay when paid" clause in the contract. *Miller,* 190 So.2d at 76–79. Because the court misconstrued a concession made by respondent, however, the court granted a rehearing. *Id.* at 80. It was on rehearing that the

preme Court disposed of the petitioner's claim that the contractor could not hide behind the owner's failure to pay. The court concluded that the contractor did not owe its subcontractor any payments unless and until the contractor had received corresponding payments from the owner. *Miller, supra* 190 So.2d at 81.[6] This case, therefore, seemed to establish the principle that a "pay when paid" clause creates a valid and enforceable suspensive condition.

For a time, however, succeeding years and cases did not bear out that conclusion. In *Cahn Electric Co. v. Robert McKee, Inc.*, 490 So.2d 647 (La.App. 2nd Cir.1986), the Louisiana Second Circuit reviewed the history of the interpretation of "pay when paid" clauses. The court acknowledged that *Miller* was the last word of the Louisiana Supreme Court on the subject, but also noted that "a citation to the *Miller* decision is notably absent from three other later reported appellate court decisions on point." *Cahn, supra,* at 650.[7] Each of the three cases interpreted the "pay when paid" clauses as defining *when* the contractor's obligation became due, not *whether* it became due. The *Cahn* court found the rationale of these appellate cases persuasive, and chose to follow their holdings rather than treat the Louisiana Supreme Court's twenty-year-old *Miller* decision as a binding precedent.

Those courts interpreting the "pay when paid" clauses as providing just for the time of payment have also interpreted the clauses as requiring payment in any event "within a reasonable period of time." *Chartres Corp. v. Charles Carter & Co.,* 346 So.2d 796, 797 (La.App. 1st Cir.1977). The *Chartres* court was "unable to conclude that the defendant could always refuse to pay the plaintiff as long as any money was supposedly outstanding from the owner." *Id.* To do otherwise would be to give the clause the same effect as if it were a suspensive condition. By the time the instant cases were heard in the district court, Louisiana appellate courts in the first,[8] second,[9] third,[10] and fourth[11] circuits had issued rulings at odds with the asserted import of the Louisiana Supreme Court's *Miller* decision.

Since oral argument was heard in this case, however, and apparently spurred by the bankruptcy of LWE, Louisiana intermediate appellate court holdings have once again favored the *Miller* case as authoritative in finding that "pay when paid" clauses constitute suspensive conditions. On November 10, 1986, the Louisiana Fifth Circuit decided that reports of *Miller's* demise were greatly exaggerated. In *Southern States Masonry v. J.A. Jones Construction Co.,* 498 So.2d 151 (La.App. 5th Cir.1986), the court found that

> the terms of this contract are quite clear and unambiguous, and its simple effect is to make payment by the owner to the contractor a suspensive condition to the contractor's obligation to make payment to its subcontractor.

*Id.* at 153. The court "adopt[ed] the rationale expressed by our brothers of the

---

court issued its ruling regarding the meaning of the "pay when paid clause." *Id.* at 80–81.

**6.** Although the precise issue before the court was the proper amount of interest to be awarded to the subcontractor, the ruling on the interpretation of the contract was necessary to dispose of the case. Thus, appellees' argument appears faulty in claiming that the Louisiana Supreme Court did not address the issue of the interpretation of the "pay when paid" clause in *Miller.*

**7.** The *Cahn* court was referring to *Chartres Corporation v. Charles Carter & Co.,* 346 So.2d 796 (La.App. 1st Cir.1977); *Subdivision Planning Engineers, Inc. v. Manor Development Corp.,* 290 So.2d 375 (La.App. 4th Cir.1974), *rev'd on other grounds,* 349 So.2d 247 (La.1977); and *Pelican*

*Construction Co. v. Sewerage and Water Bd. of New Orleans,* 240 So.2d 556 (La.App. 4th Cir. 1970).

**8.** *Chartres,* 346 So.2d 796.

**9.** *Cahn,* 490 So.2d 647.

**10.** In *Calcasuie-Marine National Bank of Lake Charles v. Darling,* 399 So.2d 1245 (La.App. 3rd Cir.1981), the court found that the "pay when paid" clause in a contract simply imposed a time limitation on payment, and was not meant to impose a suspensive condition on the underlying obligation.

**11.** *Subdivision Planning,* 290 So.2d 375; *Pelican,* 240 So.2d 556.

Fourth Circuit in *Miller*," *id.*, even though the Fourth Circuit itself had rejected that rationale in *Pelican* in 1970.

Soon thereafter, the Louisiana Fourth Circuit rejoined the Fifth Circuit in applying *Miller*. In *Dorman Straham v. Landis Construction Co., Inc.*, 499 So.2d 417 (La.App. 4th Cir.1986), the court held that a "pay when paid" clause presented no "doubt, uncertainty or obscurity," and therefore should be enforced according to its plain meaning. The court concluded that "*Miller* and not *Pelican* is the law of this circuit."[12] Yet even after *Southern States Masonry* and *Dorman Strahan*, the *Pelican* rationale remains the law of the other Louisiana circuits which have considered the issue.[13]

The interpretation of the "pay when paid" clauses are the dispositive issues in both the instant cases. Both subcontractors completed their work more than two years ago, so we recognize that under Louisiana law a reasonable period of time has passed since appellees presented their bills. Should the "pay when paid" clauses be interpreted under Louisiana law as clauses determining only the time when payment should be made, then we would affirm both district court judgments and hold that under the terms of the "pay when paid" clauses payment is now due. Conversely, should those clauses constitute suspensive conditions under Louisiana law, we would reverse both judgments, and remand the cases for entry of judgment in favor of appellants.

### IV.

■ In order to satisfy Rule XII of the Louisiana Supreme Court, which provides that only determinative questions be certified, we address and resolve the only re-

maining issue raised in these appeals. Appellants F & D and F & G contend that they should not be held liable to subcontractors Aesco and Pacific, respectively, unless the contractors, Jones and Blair, are liable. We agree.

Under Article 3035 of the Louisiana Civil Code, suretyship is defined as "an accessory promise." La.Civ.Code Ann. art. 3035 (West 1952). As such, the derivative liability of a surety cannot exist unless the principal is first liable. *See Commercial Union Insurance Co. v. Melikyan*, 430 So.2d 1217, 1221 (La.App. 1st Cir.1982) ("[T]he surety cannot be bound to the obligee to any greater extent than the obligation contained in the agreement between the obligor and obligee ..."). The Civil Code unambiguously provides that "suretyship can not exceed what may be due by the debtor, nor be contracted under more onerous conditions.... The suretyship which exceeds the debt or which is contracted under more onerous conditions ... shall be reduced to the conditions of the principal obligation." La.Civ.Code Ann. art. 3037 (West 1952). Applying this principle to the case at bar, the liability of the sureties as well as the contractors hinges on the definition of the "pay when paid" clauses.

■ Appellees argue that the bonds executed by F & D and F & G are statutory bonds in accordance with the terms of the Private Works Act, La.Rev.Stat.Ann. §§ 9:4801–55 (West 1983). That statute provides that a surety bond shall guarantee payment "to all persons having a claim against the contractor, or to whom the contractor is conventionally liable for work done under the contract ..." Appellees claim that the statute makes payment by the surety unconditional after the work has

---

**12.** The *Dorman Strahan* majority drew a sharp dissent from Judge Barry, who commented that "*Miller* has been ignored for 20 years in cases dealing with prior payment clauses until a recent state Fifth Circuit opinion. The reason for *Miller*'s isolation becomes clear when its contract and attendant circumstances are examined." *Dorman Strahan*, at 421 (Barry, J., dissenting).

**13.** Two recent decisions in federal district court, in addition to the two under appeal here, interpret Louisiana law in favor of the *Pelican* ruling. In both *Pacific Lining Co., Inc. v. Landis Construction Co.*, No. 84–5470 (E.D.La. Oct. 22, 1986) [Available on WESTLAW, DCTU database] and *Laurel Paint & Glass Co. v. Landis Construction Co.*, No. 85–1102 (E.D.La. Sept. 8, 1986), the district court found that "pay when paid" clauses do not constitute suspensive conditions.

been completed, and therefore the sureties' obligations are settled regardless of the interpretation of the "pay when paid" clauses. This argument proves too much. The Private Works Act does not obliterate the contract on which the underlying liability of both the contractor and the surety are based. A subcontractor can sue the surety for payment on the contract if the contractor does not or cannot fulfill its obligations, but that suit is still based on the contract between the contractor and subcontractor. It follows that the interpretation of the "pay when paid" clauses will determine the underlying liability and also, therefore, the liability of appellants F & D and F & G.

## V.

█ In view of the uncertainty of Louisiana law in the light of the Louisiana Supreme Court's *Miller* decision, its possible precedential value, and recent decisions of Louisiana appellate courts, and because the issue of whether a "pay when paid" clause constitutes a suspensive condition is an important issue of Louisiana state law and the dispositive issue in the instant cases, we certify the following question to the Louisiana Supreme Court:

CERTIFICATE FROM

THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

TO THE SUPREME COURT OF LOUISIANA

PURSUANT TO RULE XII,

LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

I. STYLE OF THE CASES

The style of the first case in which this certificate is made is *Aesco Steel, Inc., Plaintiff-Appellee, versus J.A. Jones Construction Company and Fidelity and Deposit Company of Maryland, Defendants-Appellants.* Case No. 86–3025, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana. The style of the second case in which this certificate is made is *Pacific Lining Company, Inc., Plaintiff-Appellee, Cross-Appellant, versus Algernon-Blair Construction Company and United States Fidelity and Guaranty Company, Defendants-Appellants, Cross-Appellees.* Case No. 85–3740, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts of the two cases which are the subjects of this certification:

Does the usual contract provision known as a "pay when paid" clause constitute a suspensive condition to the obligations arising under that contract so that there is no obligation upon the contractor to make payments to a subcontractor unless and until the contractor receives payments it is due under its contract with its principal?

This Court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative in these cases, resolving all issues remaining in contention between the parties on these pending appeals.

The record in these cases, together with copies of the parties' briefs, are transmitted herewith.

MOTION TO CERTIFY GRANTED.

QUESTION CERTIFIED.