807 So.2d 335 (2002)
BELLEVILLE HISTORIC DEVELOPMENT, L.L.C.
v.
GCI CONSTRUCTION, INC., National American Insurance Company and Desiree' M. Charbonnet.
GCI Construction, Inc.
v.
Belleville Historic Development, L.L.C.
Nos. 2001-CA-0274, 2001-CA-0275.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2002.
John F. Shreves, Herman C. Hoffmann, Jr., Christina H. Belew, Simon, Peragine, Smith & Reafearn, L.L.P., New Orleans, LA, Counsel for Appellant, Belleville Historic Development, LLC.
David J. Krebs, Charles A. Nunmaker, Krebs, Farley & Pelleteri, L.L.C., New *336 Orleans, LA, Counsel for National American Insurance Company.
Eric A. Kracht, Jean Marie Murnane, Kracht & Graves, L.L.P., Baton Rouge, LA, and Fred L. Herman, Law Offices Of Fred L. Herman, New Orleans, LA, Counsel for GCI Construction, Inc.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge DAVID S. GORBATY.
GORBATY, Judge.
In this appeal, plaintiff Belleville Historic Development, L.L.C. ("Belleville") contends that the trial court erred in denying its motion to vacate and/or modify the arbitration award. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY
Belleville acquired the old Belleville School in Algiers, Louisiana with the intention of renovating it and turning it into condominiums. Belleville awarded the contract for Phase I of this development to appellee, GCI Construction, Inc. ("GCI"). The contract, which is dated March 20, 1998, specified that the price of the work was to be determined on a cost-plus basis, with a guaranteed maximum price of $432,000. To account for the costs due it, GCI was required to ".... keep full and detailed accounts...." National American Insurance Company ("National American"), another appellee, provided a performance bond with a limit of $432,000.
GCI began work in April, 1998. Disputes arose under the contract, and as a result, GCI filed a lien on the project in the amount of $420,015.94. Subsequently, Belleville filed a Petition for Writ of Mandamus and Rule to Show Cause seeking the cancellation of the lien. Belleville asserted that despite repeated requests, it was unable to obtain the required accounting from GCI, and absent the accounting, the lien filed by GCI was improper.
GCI countered Belleville's suit with one of its own, seeking damages, enforcement of its lien, and enforcement of the arbitration clause contained in the contract. This suit was consolidated with Belleville's suit, and before any further proceedings, the parties agreed to submit their disputes to arbitration.
The arbitrator, J. Ashley Inabnet, conducted six days of hearings, during which the parties presented substantial testimony and documentary evidence. On September 5, 2000, Mr. Inabnet rendered his decision in a seven-page Award of Arbitrator. His award addressed and resolved all of the disputes between the parties arising under and related to the contract, including Belleville's claims against GCI related to the filing of its lien. With particular regard to GCI's lien, Mr. Inabnet found that "GCI's filing of the lien was reasonable and appropriate under the circumstances." He further found that:
GCI had reasonable cause in refusing to cancel its lien upon Belleville's demand. In fact, GCI did offer to reduce its lien in return for certain stipulations from Belleville, and Belleville declined GCI's offer. Therefore, Belleville in essence refused an opportunity to mitigate damages.
Mr. Inabnet made an express finding that "neither GCI nor National American is liable to Belleville for damages or attorney's fees as a result of the lien because the lien was reasonably filed and maintained in good faith under the circumstances." He rendered a net award of $257,643.60 plus interest in GCI's favor, and determined that GCI's lien was to remain in place and was to be cancelled only "upon full and final satisfaction of this Arbitration Award by Belleville." The arbitrator chose not to impose sanctions under *337 La. R.S. 9:4833, which requires the awarding of damages and attorney fees for continuing to maintain a lien without reasonable cause.
Subsequently, the parties filed cross-motions with the trial court: GCI to have the award enforced, and Belleville to have the award vacated or modified on the basis of the arbitrator's failure to award 9:4833 sanctions. After a hearing on September 29, 2000, the trial court granted GCI's motion, confirmed the arbitrator's award, and rendered a money judgment in GCI's favor. The court denied Belleville's motion to vacate the award. The court deferred its ruling on the validity of the lien until such time as the judgment in a parallel foreclosure proceeding became final.[1] Belleville subsequently filed this appeal.

DISCUSSION
Appellant argues that the arbitration award is clearly a manifest disregard of the provisions of La. R.S. 9:4833, and the trial court should have vacated or modified the award to provide for damages and attorney's fees to Belleville.
The Louisiana Private Works Act protects owners from wrongfully filed and maintained liens. La. R.S. 9:4833 provides for a procedure wherein an owner can request that the lien claimant provide written authorization for the cancellation of the lien within ten days of written demand. If the lien claimant fails to provide that authorization "without reasonable cause," he can be liable for damages and attorney's fees under 9:4833(B).
In the case at bar, the arbitrator specifically found that GCI's filing of the lien was "reasonable and appropriate under the circumstances." He further concluded that "neither GCI nor [Belleville] was in bad faith. Instead, there was only an honest dispute as to the amount....GCI had reasonable cause in refusing to cancel the lien upon [Belleville's] demand." Belleville has not produced any evidence to prove that GCI acted "without reasonable cause," as required for 9:4833(B) sanctions. The mere fact that the ultimate award to GCI was less than the dollar amount of the notice of lien does not establish a violation of 9:4833. Accordingly, we find that GCI did not act "without reasonable cause," so as to necessitate the award of 9:4833 sanctions. We do not rule here specifically on the validity of the lien; that issue is not currently before us, and is the subject of another pending appeal, Hibernia v. Belleville Historic Development, L.L.C., No. 2001-CA-0657. However, it appears that GCI's lien was proper.
Appellant next invokes La. R.S. 4210(D), which provides that an arbitration award may be vacated "where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Appellant argues that the arbitrator's failure in this case to apply R.S. 9:4833 can be construed to be a "manifest disregard" of the law, and his failure to apply that statute can be viewed as exceeding his powers. Finally, Belleville urges that the grounds for attacking an arbitration award should be broadened beyond the scope of the statute, citing a number of federal cases in support of its contention.
The basic policy statement of the Louisiana Arbitration Act is set forth in La. R.S. 9:4201, which provides:

*338 A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract.
The statute, and the Act in general, embody the principle that arbitration is favored as a public policy in Louisiana, so that arbitration awards are presumed to be valid. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989); Spencer v. Hoffman, 392 So.2d 190 (La.App. 4 Cir.1980). An arbitrator's award is viewed as being res judicata, to be affirmed unless grounds are established in accordance with the Louisiana Arbitration Act for the vacation, modification, or correction of the award. La. R.S. 9"4209; Farmers Cotton Co., Inc. v. Savage, 30-289, p. 4 (La.App. 2 Cir. 6/26/98), 714 So.2d 926, 928-9. Accordingly, under Louisiana law, a Louisiana court is required to confirm an arbitration award unless grounds exist pursuant to La. R.S. 9:4210 or 9:4211. Conversely, an award may be challenged only on the grounds specified in the statutes. Farmers Cotton Co. Inc., p. 4, 714 So.2d at 929.
In Welch v. A.G. Edwards & Sons, Inc., 95-2085, 95-2086 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, the plaintiff alleged that the arbitral award upholding an indemnity provision in an employment contract was in "manifest disregard of the law" because it was contrary to La. R.S. 9:3921, which prohibits such agreements as contrary to public policy. In refusing to vacate the arbitration award, this court stated, "[T]he record contains no evidence to support a conclusion that this error was anything more than simply an error of law. There is no allegation or proof of dishonesty, bias, or any conscious attempt to disregard Louisiana law. Consequently, no showing of a `manifest disregard of the law' has been demonstrated." Welch, p. 4, 677 So.2d at 524.
Similarly, federal jurisprudence demonstrates that "manifest disregard of the law" is a jurisprudentially created ground for overturning an arbitration award, and flows from an error that was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator, with the implication of the doctrine being that the arbitrator appreciated the evidence of a clearly governing legal principle, yet chose to ignore it. 9 U.S.C. Section 10; Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Intern., Ltd., 888 F.2d 260 (2d Cir.1989). Thus, as under Louisiana law, federal arbitration awards cannot be set aside on "manifest disregard" grounds for erroneous findings of fact or for misinterpretations of law.
Belleville has neither contended, nor presented proof of Mr. Inabnet's dishonesty, bias, or conscious attempt to disregard Louisiana law. Neither fraud nor dishonesty has been alleged. The arbitrator properly applied the law applicable to the arbitration. Consequently, under both federal and Louisiana law, there is nothing to support a nullification of the award on the grounds of "manifest disregard of the law." This assignment of error is without merit.
Finally, Belleville argues that GCI's surety, National American, should be liable for GCI's "maintaining a private works lien claim for an exaggerated amount." Belleville contends that GCI was contractually obligated to account for its costs, and National American should be held responsible *339 for GCI's alleged failure to render a proper accounting.
Suretyship is an accessory contract. La.C.C. art. 3035. As such, the derivative liability of a surety cannot exist unless the principal is first liable. Pacific Lining Co. v. Algernon-Blair Construction Co., 812 F.2d 237 (5th Cir. 1987). Because we find that GCI has no liability in this matter, National American can have no derivative liability under the performance bond. Further, nothing in the record supports a finding of National American's independent liability. This assignment of error lacks merit.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] That case is No. 99-20530, Division A, Civil District Court for the Parish of Orleans, Hibernia National Bank v. Belleville Historic Development, L.L.C., in which GCI is an intervenor. The issues in this foreclosure proceeding constitute a lien ranking dispute. This case is the subject of a suspensive appeal in this court, No. 2001-CA-0657, and has not yet been heard.