GLADNEY, Judge.
This case arose under provisions of LSA-R.S. 9:4201-4217, referred to as the'Louisiana Arbitration Law, and the appeal to this court is from a judgment in favor of defendants vacating the award of the arbitrator and rejecting plaintiffs’ demands.
There is no controversy' over the facts pertinent to the determination of the cause. These are tersely set forth in a communication addressed to Stanley Herbert, who was appointed by the court to arbitrate the matters in dispute. The letter jointly approved by the parties litigant, reads:
“Under date of August 30, 1951, Mr. and Mrs. Frederick E. Greer entered into a building contract with Mr. C. M. Lowe for the construction of a dwelling located on Lot 4 of Glen Iris Addition Unit No. 2, a subdivision of the City of Shreveport, Caddo Parish, Louisiana, as per plans and specifications on file with the Home Federal Savings & Loan Association of Shreveport.
“Under the terms and provisions of this agreement it was provided that the work under the contract should be done under the supervision of the inspector of Home Federal Savings & Loan Association of Shreveport and that all disputes between the parties to the contract shall be arbitrated by him.
“Since the completion of this job there has existed between the contractor and the owner various disputes which they have not been able ■ to amicably agree upon. It has, therefore, become necessary for them to refer these matters to you for your determination in accordance with the above mentioned contract.
“The owners contend that the contractor has not fulfilled the obligations imposed upon him by the contract in the following respects:
“1. The exterior of the premises was not properly painted in accordance with the plans and specifications.
“2. The fixtures used in the bathrooms were not in accordance with the specifications and not installed accordingly.
“The contractor denies the above contentions of the owners and contends that all of the work was properly com *562 pleted in accordance with the plans and specifications and further contends that the work was inspected, approved and accepted by the architect selected and employed by the owners.
“The owners and the contractor do hereby request that you make the necessary investigation and study to determine these disputes and that after you have done so that you furnish them with a written statement setting forth:
“1. Whether the work above referred to was properly completed in accordance with the plans and specifications and if not—
“2. The expense that would have to be incurred in order to properly complete the job in those respects.
“In connection with your investigation of this matter you may refer to any sources of information you may wish. However, the following parties have had occasion to make inquiry and may afford you information and assistance:
“1. C. M. Lowe, contractor
“2. Mr. and Mrs. F. E. Greer, owners
“3. Pete Schexnaidre, paint contractor
“4. Fred Spruell, paint contractor
“5. Joseph P. Schierer, architect
“6. Charles McBride, Paint subcontractor
“7. Ray Elder, general contractor
“It would be appreciated if you would give this matter your earliest attention.
“The contractor is represented by Mr. Sidney E. Cook, attorney and the owners are represented by Mr. Chas. L. Mayer, attorney. If either of these gentlemen can be of any assistance to you, do not hesitate to call upon them.”
Several weeks after receipt of the communication Stanley Herbert made the following report:
“Following my appointment by the court as arbitrator in the above matter, I made an investigation into the complaints where were being made by Mr. and Mrs. Greer. My inspection reflects that the paint upon the house was in a deplorable condition. I noted particularly the condition of the front and right sides of the house and garage. The front of the house has been touched up and spotted just here and there and looks awful and the two sides of the house have peeled off terrible. In my opinion this condition is the result of one of the following:
“1. The lumber used was not properly kiln dried, or
“2. The lumber was wet or damp when the primer coat was applied, or
“3. The paint could have been thinned with the wrong kind of thinner, or
“4. The weather could have been unfavorable so that the lumber was wet and the primer coat could not penetrate into the wood which would result in the hot sun on those sides causing the paint to pop and peel.
“My further inspection of the bathroom fixtures revealed that' the drains do not properly work and in my opinion the plumbing which was installed was not in accordance with those called for in the specifications.
“I estimate that the cost of properly correcting the above mentioned conditions would be between $1,000.00 and $1,200.00.”
Upon receipt of this report, the Distri Judge then wrote Herbert:
“It has been called to the attention of the court that in your letter of October 20, 1955, addressed to the court in regard to your report as an arbitrator in the above case, that you did not base your report on the plans and specifications with regard to the condition of the paint. You did however state that the *563 plumbing was not installed in accordance with the specifications.
“Will you supplement your report by consulting the plans and specifications and pointing out wherein the work and material fell below that called for in said plans and specifications, if such be the case, and also break down the approximate cost of the painting and plumbing. Please give this supplemental report to the court within the next ten days,
“Thanking you for your immediate attention to this matter, I am
“Very truly yours,
/s/ Henry F. Turner
District Judge.”
Complying with the request of the judge, the arbitrator supplemented his report of October 20, 1955, with the following reply:
“In compliance with your request of December 6th, and supplementing my previous report dated October 20, 1955.
“I understand that paints sold by the Pittsburgh Plate Glass Company were used on the house involved in this litigation. Inasmuch as the house was painted about four years ago, I cannot say if the specifications were followed or not.
“My estimate of the cost of properly painting the structure is about $1,000.-00.
“My estimate of the cost of necessary plumbing repairs and replacements is approximately $200.00.
“Very truly yours,
/s/ Stanley Herbert,
Arbitrator.”
Following the filings of the reports by Herbert, plaintiffs petitioned the court for a confirmation of the award, contending the arbitrator had made an award in their favor for $1,000. The defendants, on the-other hand, moved for a vacation of the award, relying upon LSA-R.S. 9:4210.
The matters in dispute related to, first, the exterior painting, and, second, the bathroom fixtures. The mandate submitted to Herbert specifically required a finding whether these matters were in accordance with the plans and specifications, and, if not, the expense involved to remedy the conditions. The two reports of Herbert must be read together forasmuch as the second was supplementary to the first.
With respect to the painting, it is clear the arbitrator made no definite award upon the subject matter submitted, for he reports, that “as the house was painted about four years ago, I cannot say if the specifications, were followed or not.” The court a quo,, therefore, properly entered a decree vacating the ward as to this item and LSA-R.S.. 9:4210(D) directs the judge to issue such, an order:
“Where the arbitrators exceeded their powers or so imperfectly executed, them that a mutual, final, and definite-award upon the subject matter submitted was not made * *
Counsel for appellants in support of' their contention, filed into the record a copy-of the plans and specifications, and earnestly argue that the first report of Herbert-made findings indicating the specifications, were not complied with. The argument is. untenable for it would require the court to. substitute its conclusion for that of the-arbitrator. Such action would be in conflict with the statutory authority given the-court to reverse the awards of arbitrators, which authority is limited to that conferred' by statute. Housing Authority of New Orleans v. Henry Ericsson Co., 1941, 197 La. 732, 2 So.2d 195.
The award relating to the bathroom fixtures and their installation is definite, and in our opinion, meets the requirements of the letter submitting this matter.. *564 The finding discloses that the specifications were not complied with and the expense therefrom to the owners is fixed at $200. We think the arbitrator was not required to do more than this and that our brother below erred in failing to confirm the award in this respect.
The conclusions herein reached affirm the judgment from which appealed only insofar as it vacates the award of the arbitrator relating to the dispute concerning the painting. The judgment is reversed so far as it vacates the award of the arbitrator dealing with the bathroom fixtures and the installation thereof, and it is now ordered that judgment be entered herein in favor of Mr. and Mrs. Frederick E. Greer and against C. M. Lowe and United States Casualty Company confirming an award for the sum of $200 in plaintiffs’ favor, with legal interest thereon from the date this judgment becomes final. It is further ordered that appellees be taxed with all costs.