476 So.2d 927 (1985)
COMFORT HEATING & AIR CONDITIONING, INC., Plaintiff-Appellee,
v.
George H. BROCK d/b/a Home Associates, Defendant-Appellant.
No. 17223-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
Rehearing Denied October 24, 1985.
*928 Kennedy, Goodman & Donovan by Gregory J. Barro, Shreveport, for defendant-appellant.
Eatman & Hunter by Robert E. Eatman, Shreveport, for plaintiff-appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Comfort Heating & Air Conditioning, Inc. ("Comfort") sued George H. Brock, d/b/a Home Associates ("Brock") for $1,400 for the partial installation of an air conditioning system in improvements under construction, which work was allegedly authorized by Brock's foreman-agent. From a judgment in favor of plaintiff, defendant appeals. For the reasons explained, we reverse.
The only evidence presented at the trial was the testimony of Frank Campisi, president of Comfort, who stated that he visited the construction site in question and conducted negotiations concerning air conditioning work with one Sherrett, who appeared to be in charge. At the time of their second meeting a contract was executed and work proceeded on the air conditioning system. Despite completion of about half the work, no money was paid as agreed and the work was stopped. This suit ensued.
Campisi conceded that he never met nor had any dealings with Brock. Furthermore, there was no evidence that Brock either owned the building site or was the contractor for the improvements.
Actual authority is established when the principal grants authority to the agent either by express or implied consent. Sales Purchasing Corp. v. Puckett, 417 So.2d 137 (La.App. 2d Cir.1982).
Apparent authority binds one under the rule of estoppel. Apparent authority arises when the alleged principal has (1) acted in such a manner that a third person is justified in believing that the alleged agent had certain authority, and (2) the third person reasonably relied on these actions. The alleged principal is then estopped to deny the existence of the agency relationship. National Bank of Bossier City v. Nations, 465 So.2d 929 (La.App. 2d Cir.1985); Hatfield v. Minden Bank & *929 Trust Co., 361 So.2d 901 (La.App.2d Cir. 1978).
Although Sherrett represented to Campisi that he was an agent for Brock, this alone did not create the appearance of an agency relationship. There was no evidence that Brock ever did anything to indicate the existence of that relationship.
Consequently, Comfort not only failed to prove the existence of an actual agency relationship between Brock and Sherrett, but also failed to show that Brock acted in any way that would estop him from denying such a relationship.
In summary, plaintiff failed to discharge its burden of proof that Sherrett had authority to contract for the air conditioning system on behalf of Brock or that Brock was the beneficiary of the air conditioning work. For these reasons, the judgment of the Shreveport City Court in favor of plaintiff is reversed and there is judgment in favor of defendant dismissing plaintiff's suit, with all trial and appellate costs assessed to plaintiff.