714 So.2d 926 (1998)
FARMERS COTTON COMPANY, INC., Plaintiff-Appellant,
v.
Ben SAVAGE, d/b/a Indian Lake Farms Partnership, Defendant-Appellee.
No. 30289-CA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1998.
Rehearing Denied August 13, 1998.
*927 Michael E. Kramer, Winnsboro, for Plaintiff-Appellant.
C. Calvin Adams, Jr., Tallulah, for Defendant-Appellee.
Before HIGHTOWER, BROWN, WILLIAMS, STEWART and GASKINS, JJ.
STEWART, Judge.
Plaintiff, Farmer's Cotton Company, Inc., appeals the judgment of the district court vacating an arbitration award in its favor against defendant, Ben Savage d/b/a Indian Lake Farms Partnership. For the following reasons, we reverse and render judgment confirming the arbitration award in favor of Farmer's Cotton Company, Inc.

FACTS
Ben Savage leased acreage from Chicago Mill and Lumber Company and from Jim Thomas and Robert Harold. On February 9, 1995, Ben Savage entered into a contract with Farmer's Cotton Company, Inc., in which he agreed to sell, for a certain price, all cotton produced on 533 acres farmed by Savage. Several months later contract was amended, by a handwritten notation by an employee of Farmer's Cotton which was initialed by Savage, to indicate Ben Savage d/b/a Indian Lake Farms Partnership as "seller" under the contract.
By letter dated October 16, 1995, Michael Kramer, attorney for Farmer's Cotton, advised Savage that Farmer's Cotton would proceed to arbitration if Savage did not deliver the cotton as contracted. On November 10, 1995, Charles Chambers, Executive Director of the Memphis Cotton Exchange, appointed John T. Jordan as arbitrator pursuant to the contract.
Mr. Jordan notified Farmer's Cotton and Savage that an arbitration hearing would be held on February 16, 1996, in Winnsboro, Louisiana. After discovering that the contract had been amended to name Ben Savage d/b/a Indian Lake Farms Partnership as "seller," Mr. Jordan contacted Calvin Adams, attorney for Thomas and Harold, alleged partners of Indian Lake Farms, and notified him of the arbitration hearing. Prior to the February 16, 1996 hearing, the parties submitted statements to Mr. Jordan. Farmer's Cotton made an additional submission at that hearing. Stella Beasley and Faye Montgomery, representatives of Farmer's Cotton, Bennie Roberson, a representative of Chicago Mill, and Kramer attended the February 16, 1996 arbitration hearing. Thomas appeared later in the day and was questioned by Mr. Jordan. A second hearing, on February 21, 1996, in Rayville, Louisiana, was held and was attended by Savage and Harold.
The submission by Savage, Harold and Thomas alleged (1) that, on February 13, 1995, Thomas and Harold leased acreage to Savage, (2) that Savage also leased acreage from Chicago Mill, (3) that Thomas and Harold formed Indian Lake Farms Partnership in April, 1995, to farm Savage's acreage, (4) that Savage informed Thomas and Harold that he had signed a contract with Farmer's Cotton, and (5) Savage was to notify Farmer's Cotton of the change in circumstances.
*928 The submissions by Farmer's Cotton alleged (1) that Savage contacted and advised Farmer's Cotton in June, 1995, that he planted less cotton than originally intended, (2) that, approximately a month later, informed Farmer's Cotton that he was not farming as "Ben Savage" but as "Ben Savage d/b/a Indian Lake Farms Partnership," (3) that Savage initialed the amendment to the contract, (4) that Savage indicated to Farmer's Cotton that he approved the contract amendment at the advice of Harold and Thomas, and (5) Savage offered to repay 50% of the loss suffered by Farmer's Cotton.
On February 21, 1996, Mr. Jordan found that Ben Savage d/b/a Indian Lake Farms Partnership failed to fulfill the obligations pursuant to the contract, engaged in poor business practices, and caused a loss to Farmer's Cotton. Mr. Jordan awarded Farmer's Cotton a total amount of $28,144.08.
Farmer's Cotton filed a petition to confirm the arbitration award on April 3, 1996. On May 7, 1996, Ben Savage answered and filed a reconventional demand seeking vacation or modification of the award based on the award being procured by undue means, the evident partiality of the arbitrator, and the arbitrator's refusal to hear evidence "pertinent and material to the controversy." The answer alleged that Savage was not a partner of Indian Lake Farms and had no authority as a mandatary of Indian Lake Farms, that Indian Lake Farms did not submit to arbitration, and that the arbitrator's ruling is null and void against that entity.
On April 29, 1996, the trial court rendered judgment vacating the arbitration award and ordered rehearing by the arbitrator to determine the liability, if any, of Ben Savage to Farmer's Cotton. Farmer's Cotton appeals and assigns three errors: (1) the trial court erred in finding that Ben Savage was not a partner in Indian Lake Farms, (2) the trial court erred in allowing full trial on the merits and admitting new evidence which was available at the time of the arbitration hearing, and (3) the trial court erred in vacating the arbitration award.

DISCUSSION
We first address appellant's third assigned error that the trial court erred in vacating the arbitrator's award. Although arbitration law presupposes the validity of a contract, and jurisdiction for determining the validity of such contract is properly in the courts, the issue of the validity of the underlying contract is not properly raised either by a petition for confirmation of an arbitration award or by a reconventional demand seeking vacation or modification of an award. See George Engine Co. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977); Ackel v. Ackel, 97-70 (La.App. 5th Cir. 5/28/97), 696 So.2d 140; Mt. Airy Refining Company v. Clark Acquisition, Inc., 470 So.2d 890 (La.App. 4th Cir.1985). Therefore, the sole issue to be resolved by this court is not whether the contract was valid but whether grounds for vacating the arbitration award were established by Savage.
Arbitration is favored as a public policy in Louisiana. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980); Wright v. Round the Corner Restaurants of Louisiana, Inc., 252 So.2d 341 (La.App. 4th Cir. 1971). Due to the strong public policy favoring arbitration, arbitration awards are presumed to be valid. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). An arbitrator's award is res judicata and must be affirmed unless grounds are established, in accordance with arbitration law, for the vacation, modification or correction of the award. Spencer v. Hoffman, supra.
La. R.S. 9:4201 provides, as follows:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
La. R.S. 9:4209 provides, as follows:

*929 At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
This provision requires that a court confirm the arbitration award upon application by any party unless grounds pursuant to La. R.S. 9:4210 or 9:4211 exist. St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424 (La.1987).
La. R.S. 9:4210 enumerates specific grounds for vacating an arbitration award: (A) where the award was procured by corruption, fraud, or undue means; (B) where any of the arbitrators evidenced partiality or corruption; (C) where the arbitrators refused to postpone the hearing, upon sufficient cause shown, refused to hear evidence pertinent and material to the controversy, or are guilty of any other misconduct prejudicial to the rights of any party; or (D) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. La. R.S. 9:4211 prescribes grounds for modification or correction of an award: (A) miscalculation of figures or incorrect description of any person, thing, or property in the award; (B) where an award is rendered upon matters not subject to arbitration; or (3) imperfect form of the award.
In the furtherance of the purpose and intention of arbitration, an award may be challenged only on the grounds specified in the statute. The reviewing court may not substitute its own judgment for that of the arbitrators. Firmin v. Garber, 353 So.2d 975 (La.1977); Hill v. Cloud, 26,391 (La.App. 2nd Cir. 1/25/95), 648 So.2d 1383; Greer v. Lowe, 94 So.2d 560 (La.App. 2d Cir.1957). A reviewing court cannot review the merits of an arbitrator's decision. National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App. 1st Cir.1980), writ denied, 385 So.2d 268 (La. 1980); Matter of Bacmonila Garden Apartment, Inc., 359 So.2d 1340 (La.App. 4th Cir. 1978). The grounds for challenging an award do not include errors of law or fact. Errors of law or fact are insufficient to invalidate a fair and honest award. St. Tammany Manor, Inc. v. Spartan Building Corporation, 509 So.2d 424 (La.1987); Firmin v. Garber, supra; National Tea Co. v. Richmond, supra.
Although the presence of an arbitration clause in a contract does not divest the district court of jurisdiction to determine the underlying contract's validity and legality, "a party may not seek annulment of the underlying contract after going to arbitration and receiving an adverse judgment." Ackel v. Ackel, 97-70 at pp. 6-7, 696 So.2d at 143-144, citing Mt. Airy Refining Company v. Clark Acquisition, Inc., supra.
Although the petition in reconvention in the instant case cites the language of La. R.S. 9:4210 which specifies grounds for vacating an arbitration award, that petition does not allege facts which, if proven, would constitute grounds pursuant to La. R.S. 9:4210 for vacation of the award. The evidence presented at trial by Savage related only to whether Savage was a partner in Indian Lake Farms and whether the arbitration award was valid and enforceable against Indian Lake Farms. However, that matter was fully arbitrated and a decision was rendered in favor of Farmer's Cotton and against Ben Savage d/b/a Indian Lake Farms Partnership. Although Savage asserted at the district court and in this court that he is not a partner in Indian Lake Farms resulting in an invalid award against a nonexistent entity (Ben Savage d/b/a Indian Lake Farms Partnership), whether Savage was a partner or whether he acted as a mandatary of the partnership were issues submit to the arbitrator.
Further, the record establishes that Savage was advised by letter, dated October 16, 1995, from counsel for Farmers Cotton that they would seek arbitration, pursuant to Paragraph 9 of the contract, for failure to *930 deliver the cotton. The matter then proceeded to arbitration. Savage appeared at the second arbitration hearing on February 21, 1996. Further, both Thomas and Harold were notified of and were present at the arbitration hearings. Thomas appeared on February 16, 1996, and Harold appeared on February 21, 1996. However, neither Savage, Thomas, nor Harold questioned the validity of the arbitration or attempted to stay the proceeding. Further, neither Mr. Savage nor the partnership took any legal action to question the validity of the contract until after the matter had been arbitrated and a ruling against them made.
A review of the record evidence reveals that Savage presented no credible evidence of any statutory grounds for vacating, modifying, or correcting the arbitrator's award. The record is devoid of any evidence of corruption, fraud, undue means, partiality, misconduct in the proceedings, overstepping of authority, or failure to render a definite award. Nor does the evidence prove an error of description or miscalculation of figures.
We find that the trial court erred in vacating the arbitration award against Ben Savage d/b/a Indian Lake Farms Partnership. Due to our resolution of this assigned error, a discussion of any remaining assignments is pretermitted.

CONCLUSION
Having found that no basis for vacating, modifying, or correcting the award pursuant to applicable provision of Louisiana Arbitration Law, we reverse the judgment of the trial court and render judgment confirming the arbitration award in favor of Farmer's Cotton and against Ben Savage d/b/a Indian Lake Farms Partnership. Appellee is assessed with all costs of this appeal.
REVERSED and RENDERED.
BROWN, J., dissents with written reasons.
GASKINS, J., dissents for reasons assigned by BROWN, J.
BROWN, Judge, dissenting.
The trial court found that the arbitrator did violate subsection D of R.S. 9:4210, in that the arbitrator so imperfectly executed his powers that a final and definite award was not made. The arbitrator simply awarded Farmers Cotton a specific amount.[1] Although not stated, the award, as recognized in this court's majority opinion, was against "Ben Savage d/b/a Indian Lake Farms Partnership." Such an entity, however, does not exist. There is no award by the arbitrator or judgment by this court against Jim Thomas, Robert Harold or their Indian Lake Farms Partnership. The trial court found that "Harold and Thomas agreed to form a partnership between themselves ... also ... that Savage was never a partner of the Indian Lake Farms Partnership." La. C.C. art. 2801 provides that:
A partnership is defined as a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit. (Emphasis added).
There is no "Ben Savage d/b/a Indian Lake Farms Partnership." The arbitrator made no finding concerning the Thomas and Harold partnership. Contrary to the majority opinion, questions of "whether Savage was a partner or whether he acted as a mandatary of the partnership" were never submitted or *931 considered by the arbitrator. See Greer v. Lowe, 94 So.2d 560 (La.App. 2d Cir.1957).
Indian Lake Farms Partnership is a distinct juridical person created by Thomas and Harold. It never contracted with Farmers Cotton nor was the partnership ever officially notified that it was a party to the arbitration proceedings or to the petition filed in the district court to confirm the award. A recitation of the facts clearly supports the trial court's decision.
After leasing 640 acres from Chicago Mill and Lumber Company and 350 acres from Jim Thomas and Robert Harold, defendant, Ben Savage, booked (contracted in advance) to sell his cotton crop to plaintiff, Farmers Cotton, for a certain price. Savage did this to enhance his chances for obtaining a crop loan. Without the loan, Savage could not farm the property.
When he was unable to secure the loan, Savage told Thomas and Harold that he would not be able to farm their property. Thomas and Harold, not wanting the 350 acres that they had leased to Savage to lay fallow for a season, formed the Indian Lake Farms Partnership. Savage had no connection with the partnership. The Chicago Mill property was subleased to Indian Lake Farms by Savage with the consent of Chicago Mill. Thomas and Harold personally secured a crop loan to farm the properties.
Thomas and Harold employed Savage to plant the cotton and agreed to pay Savage a $5.00 hourly wage; $2.00 per acre for spraying; $30.00 per hour for the use of Savage's tractor; and 50% of any profit from the production.
Savage, at the direction of Thomas and Harold, went to the office of Farmers Cotton to notify them of the circumstances and ensure that the contract was canceled. However, while at Farmers Cotton's office, an employee of Farmers Cotton added the name of Indian Lake Farms Partnership to the contract which Savage, at their request, initialed. Neither Thomas nor Harold were aware that such a notation was made on the contract or that it had been initialed by Savage.
When the cotton which had been planted on the Chicago Mill farm was harvested, Thomas and Harold sold the production to another buyer at a higher price than that agreed to by Savage and Farmers Cotton. The original contract between Farmers Cotton and Savage provided for arbitration in the event of a dispute. Farmers Cotton notified "Ben Savage d/b/a Indian Lake Farms Partnership" that it would start arbitration proceedings. Thomas and Harold, as sole partners of Indian Lake Farms Partnership, were never notified.
John Jordan was appointed by the Memphis Cotton Exchange as arbitrator. Jordan, a cotton buyer who does business in Rayville, Louisiana, had no legal experience and no knowledge of the laws regarding contracts, partnerships or the procedures of arbitration. Jordan informed the Memphis Cotton Exchange of his lack of knowledge, but was told to rely upon his experience as a businessman.
The arbitration was initially scheduled for February 16, 1996 in Winnsboro, Louisiana. Savage was unable to attend; however, Thomas appeared at Savage's request, albeit later in the day, after the parties and witnesses for plaintiff had testified and left. Thomas in no manner acknowledged that Savage was a partner in the Indian Lake Farm enterprise, nor was he asked.
A second arbitration hearing was held February 21, 1996 in Rayville, Louisiana. Savage, accompanied by Harold, attended this latter proceeding. The arbitrator noted that Harold answered questions that he had no relationship with Farmers Cotton. Harold was never questioned about his relationship with Savage. The arbitrator ruled that Farmers Cotton Company was entitled to money for breach of contract, attorney fees and arbitration fees.
La. R.S. 9:4201 provides in pertinent part:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
By its very terms, this statute presupposes the existence of a valid contract as a basis for *932 invoking arbitration. George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977). See also State, Through Office of Governor v. L.W. Eaton Construction Co., Inc., 392 So.2d 477 (La. App. 1st Cir.1980).
In George Engine Co., Inc., supra, the Louisiana Supreme Court specifically retained jurisdiction in the district courts to determine the validity (or existence) of a contract, despite any agreement to arbitrate disputes. The supreme court stated, "[t]his Court's jurisdiction cannot be displaced whenever a contract contains an arbitration clause .... arbitrators are designated to arbitrate and resolve factual controversies arising out of valid contracts between the parties." Id. at 884-885. (Emphasis added). Arbitrators, however, are not vested with jurisdiction to determine vices in contracts. Id.
The trial court was within its authority in the instant case to take evidence and determine whether a contract existed between Farmers Cotton and the partnership of Thomas and Harold. The trial court found in its reasons for judgment the following facts:
1.) Thomas and Harold formed the partnership between themselves after discussing Savage's inability to obtain a crop loan and after discussing the need to make sure that their acreage was farmed during 1995;
2.) Thomas and Harold d/b/a Indian Lake Farms Partnership obtained financing for their partnership by signing a promissory note with Tensas State Bank;
3.) Thomas and Harold filed a UCC-1F financing statement on behalf of Indian Lake Farms Partnership;
4.) A partnership tax return was filed for Indian Lake Farms Partnership which listed only Thomas and Harold as partners;
5.) Thomas, on behalf of Indian Lake Farms Partnership, leased farm property from Savage; and,
6.) Thomas and Harold paid Savage for his labor and the use of his equipment in farming the specified acreage.
Although appellate courts have full and complete jurisdiction to review facts in civil proceedings, they may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Not only was Savage not a partner, but the requisite factors to cloak him with apparent authority were also lacking. The doctrine of apparent authority is a judicially created concept of estoppel which operates in favor of a third party seeking to bind a principal for the unauthorized act of an apparent agent. Boulos v. Morrison, 503 So.2d 1 (La.1987); Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La.1973); Interstate Electric Co. v. Frank Adam Electric Co., 173 La. 103, 136 So. 283 (1931).
In order for the doctrine of apparent authority to apply, the principal must first act to manifest the alleged agent's authority to an innocent third party. It is also essential that the third party then reasonably rely upon the manifest authority of the agent. Boulos, supra; Comfort Heating & Air Conditioning Inc. v. Brock, 476 So.2d 927 (La. App. 2d Cir.1985).
In the instant case, neither Thomas nor Harold had any associations with Farmers Cotton or any of its employees in order to manifest any alleged authority in Savage prior to Savage's initialing of the amendment to the contract. Further, no one from Farmers Cotton ever inquired as to Savage's authority to bind Indian Lake Farms Partnership. The doctrine of apparent authority can not apply here.
Further, the record demonstrates that only Savage was served with the petition to make the arbitration rule executory. Neither Indian Lake Farms Partnership nor its partners were served, contrary to La. R.S. 9:4209, which states:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of *933 the application shall be served upon the adverse party or his attorney five days before the hearing thereof. (Emphasis added).
As for Savage's individual liability under the contract, the trial court noted that the intent of the parties at the time of the amendment of the contract is not clear. Generally, where the words of the contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the contracting parties must be sought within the four corners of the document and cannot be explained or contradicted by parol or extrinsic evidence. Crigler v. Crigler, 28,085 (La. App.2d Cir. 04/03/96), 671 So.2d 1199. However, extrinsic evidence is admissible to explain terms of a written contract where there is uncertainty or ambiguity as to the contract's provisions, or where the intent of the parties cannot be ascertained from the language employed. Brown v. Drillers, Inc., 93-1019 (La.01/14/94), 630 So.2d 741.
The instant contract provides for the advanced purchase of cotton harvested. The record reflects testimony to the effect that such a contract requires that whatever is planted on the acreage is the product which is contracted for, regardless of the amount. What is not clear from the contract or the record is the consequences when the contracting party is unable to plant on the specified acreage. Is the land to lay fallow and the buyer (Farmers Cotton) to remain a party to a contract worth nothing? Is the seller (Savage) free to lease the property to others (Thomas and Harold) who are free to sell to whomever they choose, as was done here? The arbitrator stated, "I don't know" the consequences of the failure to farm the booked land.
For the foregoing reasons, I dissent and would affirm the trial court's well-reasoned opinion.

APPLICATION FOR REHEARING
Before HIGHTOWER, BROWN, WILLIAMS, STEWART and GASKINS, JJ.
Rehearing denied.
NOTES
[1] "... After review of the written documentation and careful consideration of the sworn testimony of the parties and the witnesses, I found that there was failure to fulfill the obligations under the contract, poor business practices on the part of Ben Savage d/b/a Indian Lake Farms Partnership which resulted in a lack of communication between the two parties, causing a consequent loss to Farmer's Cotton Co. My ruling is as follows:

1. Farmer's Cotton Co. Inc. is awarded the sum of $27,166.82, which represents the amount of market loss from the date of the contract to the date they discovered the contract would not be honored.
2. Farmer's Cotton Co. is awarded $602.26 in attorney fees.
3. Farmer's Cotton Co. is awarded that portion of the arbitrator's fees they paid on behalf of the defendant ($375.00).
The total amount awarded to Farmer's Cotton Co. is $28,144.08."