993 So.2d 799 (2008)
Patricia DICORTE
v.
David LANDRIEU and Construction Services Associates.
No. 2008-CA-0249.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2008.
*800 Laurence D. Cohen, New Orleans, LA, for Plaintiff/Appellant.
Murray A. Roth, Jr., Murray A. Roth, Jr., APLC, Metairie, LA, for Defendants/Appellees.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY).
MICHAEL E. KIRBY, Judge.
Plaintiff, Patricia Dicorte, appeals the trial court's denial of her Motion to Confirm the Arbitration Award and the granting of defendants' Motion to Vacate the Arbitration Award. For the reasons elucidated below, we grant Ms. Dicorte's Confirmation of the Arbitration Award and reverse the Motion to Vacate the Arbitration Award.
*801 On August 29, 2005, Hurricane Katrina inflicted damages to the plaintiff's home. In July of 2006, plaintiff and defendant, Construction Service Associates, a contractor, entered into and signed a contract to make repairs and remodel her home at 808 Weiblen Place, New Orleans, Louisiana.
Ms. Dicorte raised questions as to the quality and timeliness of the repairs. The parties voluntarily agreed to arbitration administered through the Better Business Bureau. Initially the arbitration was set for June 25, 2007. The defendant, David Landrieu, requested that the arbitration be continued. His request was granted by the arbitrator and the matter was reset for July 10, 2007 at 10:00 a.m.
An affidavit in the record of the President of the Better Business Bureau, Dick Mitchell, attests that the arbitrator, W. Scarth Clark, one day before the hearing, needed to change the time from 10:00 a.m. to 2:00 p.m. the same day. It also states that when Mr. Landrieu was informed of the four (4) hour delay, he requested a second extension. Moreover, the affidavit states that Mr. Landrieu was offered the opportunity to participate in the proceeding by telephone, an option he declined.
The arbitration hearing was held on July 10, 2007 at 2:00 p.m. In attendance were Patricia Dicorte, a number of expert witnesses, lay witnesses and the arbitrator. The defendant did not attend as he was in Pensacola, Florida. The defendant contends that he made attempts to request a second extension because his former business partner, Paul DiBennedetto, would testify on behalf of the plaintiff.
On July 13, 2007, the arbitrator rendered his decision in favor of plaintiff. On September 26, 2007, plaintiff filed a Motion to Confirm the Arbitration Award. On October 12, 2007, the trial court conducted a hearing on the Motion to Confirm and rendered a Judgment on December 4, 2007, denying plaintiff's Motion to Confirm the Arbitration Award and granting the defendant's Motion to Vacate the Arbitration Award.

DISCUSSION
Louisiana's binding arbitration law is codified at La. R.S. 9:4201, et sequitur. Pertinent in this case is La. R.S. 9:4201, which states:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
La. Civil Code arts. 3099, et seq. and La. R.S. 9:4201, et seq. embody the principle that arbitration is favored Louisiana. Therefore, arbitration awards are presumed to be valid. American Lifecare, Inc. v. Wood, XXXX-XXXX, p. 5 (La.App. 4 Cir. 8/28/02), 826 So.2d 646, 649. More specifically La. R.S. 9:4210 specifies the grounds upon which vacation of an arbitration award may be granted:
Section 4210. Motion to Vacate Award; grounds; rehearing
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

*802 C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
[Emphasis added.]
In sum, pursuant to La. R.S. 9:4210 or 9:4211, the trial court is required to confirm an arbitration award unless one of those grounds exist which is not at issue in this case. Conversely, an award may be challenged only on the grounds specified in the statute. Belleville Historic Development, L.L.C. v. GCI, Const., Inc., XXXX-XXXX, XXXX-XXXX, p. 5 (La.App. 4 Cir. 1/16/02), 807 So.2d 335, 338.
The trial court's Reasons for Judgment, which vacated the Arbitration Award in this case, cited three reasons: 1) the failure of the BBB to provide written notice of the time change in contravention of its own rule; 2) the arbitrator's refusal to grant an extension; and, 3) the arbitrator's finding that Mr. Landrieu be held personally liable.
As regards the first reason cited by the trial court, we have reviewed a copy of the BBB Arbitration Rules, found in the exhibits. BBB Rule # 12 addresses Hearing Notice, and does not state that "written" notice is required. Moreover, it states:
If you object to the date, time or place stated in your notice, contact the BBB immediately. However, the BBB reserves the right to make the final decision as to the date, time and place for the arbitration hearing.
We note again that Mr. Landrieu had this arbitration hearing continued once before upon his request. Mr. Landrieu's affidavit states that he contacted the BBB upon learning his former business partner, Mr. DiBennedetto, would testify on behalf of Ms. DiCorte. Mr. Landrieu offered no evidence to support this declaration. Defendant's affidavit/declaration is contradicted by the affidavit submitted by the President of the BBB, Dick Mitchell, which states that defendant did not contact the BBB to request a second extension, but that he only did so when he was called the day before to be notified of the change in times from 10:00 a.m. to 2:00 p.m. Moreover, Mr. Mitchell's affidavit states that defendant did not state he was unable to attend the July 10, 2007 hearing, only that he wanted more time. Finally, defendant was offered the opportunity to participate in the proceeding by telephone, an option the defendant declined.
Based upon the evidence in the record, we find that the defendant was not prejudiced by a four (4) hour delay of an arbitration hearing given the surrounding circumstances of this case.
Moreover, there is no evidence that the BBB did not abide by its arbitration rules. The fact that the arbitrator declined to grant a second extension, when his actions were permissible under the applicable BBB rules here, cannot constitute a ground for vacating the award. La. R.S. 9:4210(C) states that there must be "sufficient cause shown" to justify vacating an award for failure to postpone a hearing. Given that defendant had been granted a continuance once, and cannot prove (outside *803 of his self-serving affidavit) that he contacted the BBB to seek a second extension until the day prior to the hearing, we cannot view these facts as meeting the sufficient cause standard. To do so would permit anyone involved in arbitration to simply request continuances the day before arbitration and postpone justice indefinitely. Therefore, these first two reasons for vacating the arbitration award are without merit.
Finally, we note that in the record, plaintiff submitted the contractor's license of David Landrieu. This license is in his personal name and not that of Construction Services Associates ("CSA"). We also note that the address listed for CSA and Mr. Landrieu's personal contractor's license are the same.[1] So, even if this Court were to delve into the underlying facts, there is a modicum of support for the arbitrator's findings.
Nevertheless, in Montelepre v. Waring Architects, XXXX-XXXX, XXXX-XXXX (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, we noted that the purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties; that purpose is defeated when parties seek judicial review of an arbitration award. Id., p. 3, 787 So.2d at 1130. Moreover, in Montelepre, we stated that errors of fact or law do not invalidate an arbitration award unless it violates one of the aforementioned statutory grounds, such as La. R.S. 9:4210-4211. Id., p. 4, 787 So.2d at 1130. Therefore, even if we would not necessarily reach the same finding that the arbitrator reached in holding Mr. Landrieu personally liable, this case does not present a statutory ground upon which we can exercise such review.
For the aforementioned reasons, the denial of plaintiff's confirmation of the arbitration award is reversed, the granting of defendants motion to vacate is reversed, and the arbitration award is confirmed, to-wit, judgment is rendered in favor of Patricia Dicorte and against Construction Service Associates and David Landrieu in the sum of $219,285.00, with interest thereon from date of judicial demand at the legal rate, until paid, and all costs of these proceedings.
REVERSED; RENDERED.
NOTES
[1] We note the arbitrator found no evidence that CSA was a corporation and thus cast his award against CSA and David Landrieu.