TERRI F. LOVE, Judge.
 

 | plaintiffs, Ken and India Kleinschmidt (“the Kleinschmidts”), appeal the judgment of the trial court
 
 denying
 
 their request to confirm the amended arbitration award and granting the exception of no right of action filed by the defendant, Louis J. Lanza, III. For the reasons that follow, we reverse the decision of the trial court and confirm the arbitration award.
 

 
 *1167
 
 FACTS AND PROCEDURAL HISTORY
 

 The Kleinschmidts viewed an advertisement which offered construction services performed by one or more of the defendants (Louis J. Lanza, III, individually and d/b/a/ Lan-Coast, LLC; Craig Condon Individually; Lan-Coast, LLC, a Limited Liability Corporation; and Lan-Coast LLC, a partnership between Louis J. Lanza, III and Craig Condon). The Kleinschmidts desired a vacation home to be built in Florida. As a result of using the information provided in the advertisement, the Kleinschmidts met with Craig Condon. The Kleinschmidts later entered into a construction contract for the building of a vacation home. The contract identified “Louis J. Lanza, III, dba Lan-Coast, LLC” as the construction manager and identified the contractor’s license number as “CBC0050123”. The |2Kleinschmidts each signed the construction contract. The signature line for the construction manager provides:
 

 By: -
 

 Craig G. Condon
 

 Louis J. Lanza, III
 

 dba Lan-Coast, LLC
 

 The contract was signed by Craig Condon and not Louis J. Lanza, III.
 

 During the course of construction of the vacation home, numerous problems arose and the construction site was shut down after an inspection revealed proper insurance was not obtained. The Kleinschmidts fired Lan-Coast and completed their vacation home using other workers. The Kleinschmidts allegedly lost $25,000.00 as a result of the construction delays and the $11,340.41 paid to Lan-Coast, which was to be utilized by Lan-Coast to pay subcontractors. To recover their losses, the Kleinschmidts instituted arbitration proceedings as the construction contract contained an arbitration clause providing that:
 

 [a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association, under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.
 

 Initially, the Kleinschmidts listed only Lan-Coast, L.L.C. as a respondent. During the course of preparation for the arbitration proceeding, the Kleinschmidts became confused as to the identity of the proper respondent to the arbitration. The contract named “Louis J. Lana, III, dba Lan-Coast, LLC” as the construction manager. The contract listed a contractor’s license number of “CBC0050123”, which was determined to | .¡belong to Louis J. Lanza individually. Finally, the contract contained the signature of Craig G. Condon.
 

 The Kleinschmidts filed a petition for declaratory judgment and for damages in the Civil District Court for the Parish of Orleans naming as defendants: Louis J. Lanza, individually and d/b/a Lan-Coast, L.L.C.; Craig Condon, individually; Lan-Coast, L.L.C., a limited liability company; and Lan-Coast, L.L.C., a partnership between Mr. Lanza and Mr. Condon. The petition alleged that the Kleinschmidts were unable to determine the responsible individual(s) under the contract and alleged that the defendants indicated that Lan-Coast, L.L.C. would participate in the arbitration, but that all other named defendants would not agree to arbitration as those defendants were allegedly not bound by the agreement and not subject to the jurisdiction of the arbitrator. The petition further stated that either the court or the arbitrator must make the determination. The petition noted that the arbitrator asked for briefs on the issue. The petition
 
 *1168
 
 stated that a determination was required so that the arbitration could proceed. The record reflects that Louis J. Lanza, individually, was served on March 16, 2009.
 

 The arbitrator held hearings in 2009, and the arbitrator received over one hundred exhibits and heard testimony from the Kleinschmidts, Craig Condon, Louis J. Lanza, III, and others. The arbitrator issued an award in August 2009 and an amended award in September 2009. The amended arbitration award noted that evidence and testimony was presented on the issue of the identity of the parties to the construction contract and determined that the ambiguity in the construction contract must be interpreted against the party that chose the language. The arbitration award | ¿found that Lan-Coast, L.L.C., and both Craig Condon and Louis J. Lanza, III, individually, were bound by the construction contract. The amended arbitration award granted Kenneth Kleinsch-midt’s conversion action and provided that Kenneth Kleinschmidt could recover the sum of $11,340.41 from Craig Condon. The arbitration award also granted Kenneth Kleinschmidt’s breach of contract action and provided that Kenneth Kleinsch-midt could recover $11,827.41 from Craig Condon, Louis J. Lanza, III, and Lan-Coast, L.L.C., jointly and severally.
 

 Louis J. Lanza, III filed an exception of no right of action and no cause of action in the district court, objecting to the petition for declaratory judgment filed by the Kleinschmidts. The exceptions alleged that the Kleinschmidts possessed no right or cause of action as Mr. Lanza did not contract with the Kleinschmidts, did not sign the construction contract at issue, did not meet with the Kleinschmidts, and did not receive money from the Kleinschmidts.
 

 The Kleinschmidts filed a supplemental petition to determine attorneys’ fees and confirm the amended arbitration award. In response to the supplemental petition, Mr. Lanza filed exceptions of no right of action and no cause of action, again alleging that the Kleinschmidts possessed no right or cause of action as Mr. Lanza did not contract with the Kleinschmidts, did not sign the construction contract at issue, did not meet with the Kleinschmidts, and did not receive money from the Kleinsch-midts. Further, Mr. Lanza argued that a petition seeking to enforce an arbitration award against a party who is not a signatory of the contract containing the arbitration clause fails to state a cause of action against said party.
 

 | fiThe trial court entered judgment granting the exception of no right of action filed by Mr. Lanza, as to both the petition for declaratory judgment and the supplemental petition to determine attorneys’ fees and confirm the amended arbitration award, and dismissed both the petition for declaratory judgment and the supplemental petition to determine attorneys’ fees and confirm the amended arbitration award. The trial court determined that the exception of no cause of action was moot.
 

 ARBITRATION
 

 Arbitration is favored in Louisiana.
 
 Dicorte v. Landrieu,
 
 2008-0249, p. 3 (La.App. 4 Cir. 9/10/08), 993 So.2d 799, 801. Arbitration awards are therefore presumed to be valid.
 
 Id., citing American LifeCare, Inc. v. Wood,
 
 2002-1354, p. 5 (La.App. 4 Cir. 8/28/02), 826 So.2d 646, 649. An arbitration award is
 
 res judicata,
 
 and a trial court is required to confirm an arbitration award unless the arbitration award is challenged on one of the grounds specified in La. R.S. 9:4210 or La. R.S. 9:4211.
 
 Berrigan v. Deutsch, Kerrigan & Stiles, LLP.,
 
 2001-0612, p. 6 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167,
 
 citing Bergeron v. Gassen,
 
 185 So.2d 106, 109 (La.
 
 *1169
 
 App. 4th Cir.1966). Indeed, once an arbitration award has been issued, “any pending suit by one of the parties, bound by the award and involving the same parties and issues, must be dismissed.”
 
 Id.
 

 An arbitration award may be challenged only on the grounds specified in the arbitration statutes.
 
 Dicorte,
 
 2008-0249, p. 4, 993 So.2d at 802,
 
 citing Belleville Historic Development, L.L.C. v. GCI Const., Inc.,
 
 2001-0274, 2001-0275, p. 5 (La.App. 4 Cir. 1/16/02), 807 So.2d 335, 338. A motion to vacate an arbitration award may be filed:
 

 | ,A- Where the award was procured by corruption, fraud, or undue means.
 

 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
 

 C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
 

 D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
 

 La. R.S. 9:4210.
 

 The law additionally provides that an arbitration award may be modified or corrected:
 

 A.Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
 

 B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
 

 C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
 

 The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.
 

 La. R.S. 9:4211.
 

 The Kleinschmidts argue the trial court erred in failing to confirm the arbitration award and in granting the exception of no right of action. In response, Mr. Lanza contends that the trial court correctly granted the exception of no right of action as he was not a party to the construction | contract. Mr. Lanza also argues that a person may not be compelled to arbitrate a dispute unless he consents to arbitration and that the courts have exclusive jurisdiction to determine whether a person is subject to arbitration, which the Kleinsch-midts admitted judicially. Mr. Lanza notes that he did not waive his right to a jury trial by defending himself in the arbitration.
 

 Mr. Lanza is correct that the courts have jurisdiction to determine whether or not a person may be compelled to submit to arbitration and the validity of the underlying contract. Mr. Lanza cited several cases to support his argument.
 

 Mr. Lanza averred that the case of
 
 Shirley v. Maxicare Texas, Inc.,
 
 921 F.2d 565 (5th Cir.1991) is applicable. Therein, plaintiff filed suit in state court alleging that the defendant improperly changed her health insurance benefits and refused to cover the cost of a liver transplant. Maxi-care removed the case to federal court, arguing ERISA applied to the plaintiffs claim. Plaintiff filed a motion to remand.
 
 *1170
 
 While the motion to remand was pending, Maxicare filed a motion to abate the proceedings and to order arbitration, which the district court granted. Plaintiff filed a motion to reconsider, arguing the district court lacked subject matter jurisdiction. The district court denied the motion. Plaintiff submitted to arbitration under protest. The arbitrator ruled that Maxi-care was obligated to pay for the transplant for a period of time and awarded plaintiff $25,000.00 in attorneys’ fees. Plaintiff endorsed the check over to her attorneys. Maxicare filed a motion to confirm the arbitration award, which plaintiff opposed. Maxicare countered that plaintiff could not. accept the benefit of the arbitration award, the attorneys’ fees, and challenge the validity of the arbitration award. The | ^district court granted the motion to confirm the arbitration award.
 
 Id.,
 
 921 F.2d at pp. 566-567. The appellate court found that ERISA did not apply to plaintiffs claims and that therefore, the district court was without jurisdiction to order arbitration.
 
 Id.,
 
 921 F.2d at p. 567. The appellate court remanded the matter to the federal district court with orders to the district court to remand the matter back to the state trial court.
 
 Id.,
 
 921 F.2d at p. 569.
 

 Mr. Lanza’s reliance on this case, as well as the numerous others he cited, is misplaced. Herein, Mr. Lanza elected to proceed with arbitration, with full knowledge that the identity of the proper parties to the contract was an issue. Mr. Lanza was never compelled by any court order to arbitrate any aspect of this dispute. Mr. Lanza did not seek a determination by the district court of his liability
 
 vel non
 
 under the contract and whether he could be compelled to proceed with arbitration until after the arbitrator issued an adverse arbitration award. In
 
 Shirley,
 
 as well as the numerous other cases cited by Mr. Lanza, the court compelled attendance at an arbitration proceeding prior to the arbitration taking place.
 

 Mr. Lanza argues that the arbitrator was without jurisdiction to determine whether or not Mr. Lanza was subject to arbitration and argues that he did not waive his right to a trial by jury. Again, Mr. Lanza elected to proceed with arbitration and addressed this issue with the arbitrator, without first seeking a determination from the district court. While parties may not be compelled to submit matters to arbitration which were not previously agreed to, there is no prohibition preventing parties from submitting additional matters to the arbitrator.
 
 Casares v. James M. Brown Builder, Inc.,
 
 44,561, p. 5 (La.App. 2 Cir. 8/19/09), 17 So.3d 1022, 1026. Further, arbitration awards are not invalidated based on errors of law or fact.
 
 Dicorte,
 
 2008-0249, p. 6, 993 So.2d at 803,
 
 citing Montelepre v. Waring Architects,
 
 2000-0671, 2000-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130. Even if the arbitrator erred in finding Mr. Lanza a party to the contract and issuing a judgment against him personally, such an error would not invalidate the arbitration award.
 

 In
 
 Farmers Cotton Co., Inc. v. Savage,
 
 30,289 (La.App. 2 Cir. 6/26/98), 714 So.2d 926, the parties proceeded to arbitration, and after the arbitration award was issued, a petition to confirm the arbitration award was filed. One party challenged the validity of the arbitration proceedings by filing a reconventional demand to vacate the arbitration award pursuant to La. R.S. 9:4210.
 
 Id.
 
 The party challenging the award alleged that he was not a partner in the business at issue and that the business did not submit to arbitration.
 
 Id.
 
 Hence, the party argued that any award against the business was null and void. The trial court vacated the arbitration award.
 
 Id.,
 
 pp. 2-3, 714 So.2d at 927-928. The appel
 
 *1171
 
 late court reversed and noted that a party-may not seek to challenge the validity of the underlying contract, and whether they are subject to arbitration, after going to arbitration and receiving an adverse judgment.
 
 Id.,
 
 p. 5, 714 So.2d at 929. The court noted that the sole issue was whether grounds for vacating the award existed pursuant to La. R.S. 9:4210.
 
 Id.
 

 Likewise, Mr. Lanza elected to proceed with arbitration rather than seek a judicial declaration that he was not bound by the underlying contract and/or was not subject to being compelled to arbitration. Mr. Lanza |inreceived notification of the petition for declaratory judgment acknowledging that the construction contract created confusion as to the identity of the parties to the contract months prior to the arbitration hearing. Mr. Lanza requested that the arbitration proceed. The Kleinschmidts and Mr. Lanza argued the issue of whether Mr. Lanza was a party to the contract and presented evidence and testimony on this issue during the arbitration hearing. Mr. Lanza even argued to the arbitrator that the Kleinschmidts were liable to him. The purpose of arbitration, to have a fast, inexpensive proceeding before a tribunal chosen by the parties, is defeated when parties seek judicial review of an arbitration award.
 
 Dicorte,
 
 2008-0249, p. 6, 993 So.2d at 803,
 
 citing Montelepre v. Waring Architects,
 
 2000-0671, 2000-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130. Arbitration awards are not invalidated based on errors of law or fact.
 
 Id.; Farmers Cotton,
 
 30,289, 714 So.2d at 929. Like the parties in
 
 Farmers Cotton,
 
 Mr. Lanza refrained from questioning the validity of the arbitration proceedings in the district court and refrained from attempting to officially stay the arbitration proceedings until after an adverse arbitration award was rendered against him.
 

 The Kleinschmidts and Mr. Lanza both addressed the issue of whether or not Mr. Lanza could be personally bound by the construction contract. In
 
 Dicorte,
 
 the plaintiff sued David Landrieu and Construction Services Associates. Plaintiff alleged that a contract for repairs and remodeling of her home was entered into with Construction Service Associates.
 
 Dicorte,
 
 2008-0249, p. 1, 993 So.2d at 800. The matter proceeded to arbitration. The arbitration award found David Landrieu personally liable for the breach of |nthe contract. The Court noted that the plaintiff submitted the contractor’s license in the name of David Landrieu alone and not in the name of Construction Service Associates, as well as the use of the same address. While the Court noted that it might reach a different conclusion regarding the personal liability of Mr. Landrieu, the Court found that the underlying facts were not to be delved into and that the case did not present a statutory ground upon which the Court could exercise review.
 
 Id.,
 
 p. 6, 993 So.2d at 803. The Court reversed the denial of the plaintiffs confirmation of the arbitration award and rendered judgment in plaintiffs favor.
 
 Id.,
 
 p. 7, 993 So.2d at 803.
 

 In this instance, the construction contract created ambiguity. The construction contract identified “Louis J. Lanza, III, d/b/a Lan-Coast, LLC” as the construction manager. The construction contract contained a contractor’s license number belonging to Louis J. Lanza, III. While the construction contract was signed by an individual other than Louis J. Lanza, there is a modicum of evidence supporting the arbitration award, as in
 
 Dicorte.
 

 Mr. Lanza did not file a motion to vacate the arbitration award pursuant to La. R.S. 9:4210 or a motion to modify or correct the arbitration award pursuant to La. R.S. 9:4211. Our review of the record reveals
 
 *1172
 
 that there is no evidence that the arbitration award violates any of the statutory grounds for vacating the amended arbitration award or modifying or correcting the amended arbitration award. Therefore, we find that the trial court erred in dismissing the supplemental petition for attorneys’ fees and to 112confirm the amended arbitration award and in granting the exception of no right of action.
 

 DECREE
 

 Accordingly, we reverse the trial court judgment granting the exception of no right of action, dismissing the supplemental petition for attorneys’ fees and confirm the arbitration award, and render judgment confirming the amended arbitration award. We remand this matter to the trial court for a determination of attorneys’ tees to be awarded to the Kleinsch-midts and to render judgment based upon the arbitration award.
 

 REVERSED, RENDERED, AND REMANDED.