TOBIAS, J.,
Concurs in the Result and Assigns Reasons.
| As one who prefers to follow the objective law or ordinance as written rather than ignoring or circumventing them, especially in matters setting forth procedural rules, I would prefer to follow the strict letter of the law (or the law as set forth in a contract between the parties). Thus, in the case at bar, I would prefer that all *970 persons (individuals and entities) actually and formally have been made parties to the arbitration and be made parties to this-suit. That is, I would prefer to have had 1427 Dauphine, L.L.C. and The Isle of Orleans Condominium Association, Inc. as parties. However, in the case at bar, the failure to have them formally in all proceedings (arbitration and suit) has denied no person due process of law. The failure to have the entities as parties is harmless error because the individuals who constituted the members of the limited liability company and officers/ directors/members/shareholders of the nonprofit corporation actually and fully participated in the arbitration and court proceedings.
Anthony N. Johnson, Bernadette Johnson, and Michael D. Moffítt, the humans owning and controlling the various entities, have been ordered to do certain things by the arbitrator and the court’s judgment. The majority correctly cites Louisiana intermediate appellate court jurisprudence to the effect that arbitration is favored by Louisiana law and intended to settle disputes between |2parties in a fast, inexpensive manner. See, for example, Montelepre v. Waring Architects, 00-0671, 00-0672 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127; Dicorte v. Landrieu, 08-0249 (La.App. 4 Cir. 9/10/08), 993 So.2d 799; La-Fleur v. Law Offices of Anthony G. Buzbee, P.C., 06-0466 (La.App. 1 Cir. 3/23/07), 960 So.2d 105. The intermediate appellate courts’ authority for that statement is supposedly derived from Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1. However, Aguillard was a case addressing a contract of adhesion (a consumer standard form contract). How far the Louisiana Supreme Court intended to expand the Federal Arbitration Act, 9 U.S.C. § 1, upon which Louisiana arbitration laws are based into Louisiana is not totally clear. The Court said:
At the outset, we note the positive law of Louisiana favors arbitration. See La. Rev.Stat. § 9:4201. La.Rev.Stat. § 9:4201 specifically provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
I do not understand Louisiana law as being so broad as to mean that arbitration is always favored. Nor do I understand that arbitration should be applied to non signatories to an arbitration agreement unless they participate directly in an arbitration. But once one participates in an arbitration without seeking judicial intervention to prohibit the arbitration from affecting that party’s interests, that person is going to be bound by the ai'bitrator’s decision.
I respectfully concur in the result reached by the majority based upon the precise facts of this case.